STATE OF IOWA v. WILLIAM F. GOERING, Appellant.

**Self Defense:** INSTRUCTIONS. Where on a trial for assault, there was evidence justifying a charge as to self defense, a charge conveying the idea that one assaulted cannot defend himself unless it reasonably appears that his life is in danger, or that he is likely to suffer great bodily harm, is erroneous, since one assaulted may repel force with force.

**Appeal:** REVIEW OF INSTRUCTIONS. Where affirmative error appears in a charge, accused is not estopped to urge the objection on appeal by failure to ask a different charge.

*Appeal from Marion District Court.*—HON. J. D. GAMBLE, Judge.

WEDNESDAY, DECEMBER 14, 1898.

DEFENDANT was charged by indictment with the crime of assault with intent to inflict a great bodily injury. From a judgment of conviction, he prosecutes this appeal.— *Reversed.*

*Crozier & McCormack* for appellant.

*Milton Remley,* Attorney General, and *W. C. Kinkead* for the State.

WATERMAN, J.—The assault is charged to have been made upon one Lewis Leits. The evidence is not before us. The record we have, sets out the indictment and the instructions given the jury, and this statement of facts: "There was evidence on the part of the state tending to prove that the defendant struck and beat one Lewis Leits with a club and whip, the said Lewis Leits being at the time unarmed. On the part of defendant, there was evidence tending to show that the said Lewis Leits assaulted the defendant with a knife in his hand, and that, when said assault was made, the defendant struck him several blows, but with his fists only, and that he

did not at any time strike him with anything but his fists."
The sole complaint is of the tenth paragraph of the court's
charge to the jury, which is as follows:   "The defendant
pleads not guilty, which plea puts in issue every material fact
necessary to support the indictment, and which must be estab-
lished by the evidence beyond a reasonable doubt.
And, for further and additional defense, the defendant
claims that, at the time of the altercation with the said
Lewis Leits, he was acting in self-defense.   It is incumbent
upon the state to prove beyond a reasonable doubt that the
defendant at the time did not act in self-defense.   *It is the
law that a person may resist force with force in the defense
of his person against one who manifestly intends or endeavors
by violence to kill him or inflict upon him great bodily injury,*
and if a conflict ensues in such a case, and injury follows, such
resistance is justifiable.   To justify the defendant, however,
in thus resisting and inflicting such injuries in self-defense,
he is authorized to use such force, and such force only, as
may be necessary, or appear to him, as a reasonably careful,
prudent and cautious man, to be necessary, to protect him-
self from injury.   While the danger must be imminent and
perilous, yet it is not necessary that the danger should be
actual, but it must appear to him as. a reasonably
careful, prudent, and cautious man, to be actual, and
such as that a reasonably careful, prudent, and cau-
tious man *would have good reason to believe that his
life was in danger, or that he was about to suffer great
bodily injury.   And, if such be the fact, he would then be
authorized under the law, to make resistance thereto,* even
though such resistance might result in the death of his assail-
ant, or in his suffering great bodily injury.   Where an assault
is made, and there is a reasonable opportunity for the assailed
party to withdraw and avoid the conflict and the threatened
or feared injury, it is his duty to withdraw and avoid the
conflict or injury.   If he has such reasonable opportunity to
withdraw, and fails to do so, then he would not be justified in
self-defense in inflicting painful or hurtful wounds upon his

assailant. An assailed party is not required to run away or withdraw when an assault is made with such a violence that he cannot safely withdraw, or if it appear to him, as a reasonably careful, prudent, and cautious man, that he could not safely withdraw and avoid the conflict and the injury threatened; but under such circumstances he would be authorized to stand and resist the assault with such force, and only such force, and with such weapons or means, as were necessary therefor, or such as would appear to him as a reasonably careful, prudent, and cautious man, under like circumstances necessary therefor. And in this case, if you find from the evidence that Lewis Leits assaulted the defendant *in such a manner and under such circumstances as that the defendant did believe, or as a reasonably careful, prudent, and cautious man had reason to believe, that he was about to be killed, or to suffer some great bodily injury,* and that he could not reasonably withdraw and avoid the assault and encounter, *then he would be justified in using such force, and such force only, as would enable him to resist the assault,* and protect his life, or protect himself from such great bodily injury, and would be authorized, if it were necessary, as hereinbefore defined, to inflict upon the said Lewis Leits such injury as was reasonably necessary for his protection. But if he could have withdrawn from the conflict, and avoided the same, or if it were not necessary, *or if it did not appear to him, as a reasonably careful, prudent, and cautious man, necessary to protect his life, or to protect himself from great bodily injury or harm*, to inflict painful or hurtful wounds or other injury upon the said Lewis Leits, *then he would not be authorized under the law, in self-defense, to have inflicted such painful or hurtful wounds or other injury upon the said Lewis Leits.* In determining whether an assault, if any, was made in such a manner by Lewis Leits as would authorize the defendant in self-defense, as hereinbefore defined, to inflict upon the said Lewis Leits painful or hurtful wounds, if any, or to inflict upon him any injury, you should take into

consideration the relative strength of the two contending parties; the nature and character of the assault, if any, made by Lewis Leits upon the defendant; whether made with arms or weapons of some kind, or whether made simply with the hands or fists; the feeling existing between the parties at the time of and prior to the assault; the character and number of blows given by the defendant, if any; and all the other surrounding facts and circumstances disclosed and shown by the evidence in this case."

The complaint made of this instruction is that it limits the right of defendant to act in self-defense to cases where he is in reasonable fear of losing his life or of suffering great bodily harm, at the hands of his adversary. We have italicized the portions of the instruction to which appellant excepts. A very cursory reading will show that there is good ground for the criticism made. Four times in this single paragraph is the thought repeated that, if Leits assaulted defendant, the latter had no right to defend himself unless it reasonably appeared to him that his life was in danger, or that he was likely to suffer great bodily harm from such assault. As an abstract proposition of law, this statement is incorrect. The rule is elementary that one unlawfully assailed may, in self-protection, repel force with force. The extent to which he may go is to be measured by the character of the assault; but the right as we have stated it, exists under any and all circumstances. Counsel for the state insist that the instruction may have been correct under the evidence in this case, and that, as the evidence is not before us, we should presume a state of facts justifying the rule given. It does, however, appear in the record, that there was evidence on the part of defendant tending to prove that Leits, armed with a knife, assaulted him, and that defendant, in resistance, struck his assailant with his fists, and with those only. It is manifest that the rule announced is erroneous when applied to any such state of facts.

II.   But counsel for the state say that the defendant cannot be heard now to urge an objection to this instruction,

because he did not ask that any different rule be given. Where the court undertakes to give the law to the jury, it is its duty to do so correctly; and a failure in this respect can be taken advantage of by defendant. The rule that counsel have in mind, doubtless, is that where the instructions given are correct, so far as they go, but objection is made that they are not sufficiently specific, such complaint will not be heard, if no more specific requests are submitted. *State v. Viers,* 82 Iowa, 397, and cases cited. We know of no rule that requires a party to do more than except to an instruction containing affirmative error, in order to secure its review by this court. For the error complained of in this instruction, the judgment is REVERSED.