### W. J. HILES v. THE STATE.

No. 3936.   Decided February 2, 1916.

**1.—Manslaughter—Sufficiency of the Evidence.**

Where, upon trial of murder, and a conviction of manslaughter, the evidence sustained the conviction, there was no reversible error.

**2.—Same—Evidence—Precedent—Former Appeal.**

Where, upon appeal from a conviction of manslaughter, the questions raised on the admission of evidence were decided adversely to defendant on a former appeal, it is not necessary to again discuss them, and there is no reversible error.

**3.—Same—Evidence—Clothes of Deceased.**

Where, upon trial of murder and a conviction of manslaughter, it became necessary for the State to show where the wounds took effect, there was no error in admitting in evidence the clothes of deceased.

Appeal from the District Court of Culberson.   Tried below before the Hon. Dan M. Jackson.

Appeal from a conviction of manslaughter; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Joe Irby* and *J. W. Parker*, for appellant.

*C. C. McDonald*, Assistant Attorney General, for the State.—On the question of admitting evidence on threats: Holley v. State, 39 Texas Crim. Rep., 301; Craig v. State, 30 Texas Crim. App., 619

PRENDERGAST, PRESIDING JUDGE.—This is the second appeal in this case.   The first is reported in 73 Texas Crim. Rep., 18, where a sufficient statement of the case is made.   There is no substantial difference in the record on this from the other appeal.

Appellant was convicted of manslaughter and assessed the lowest punishment.   The evidence was amply sufficient to sustain the verdict.

There are but three bills of exception.   The first raises again the question of whether or not the testimony of the witness. Paddock in substance and effect showing a conditional threat by appellant was admissible.

The second bill also raises the question passed upon before of whether

or not the testimony of Moorehead as to what appellant said to him as to the material facts in the case was admissible, he claiming that he was under arrest at the time.

Both these questions were fully discussed and correctly decided against appellant in the former appeal. There is no necessity of further stating or discussing either of them now. The court below correctly ruled on both questions.

The next bill complains of the introduction in evidence of the clothes worn by deceased when appellant shot him. It became necessary for the State to show where the wounds took effect in the arm and body of the deceased, and clearly the clothes were admissible for that purpose. This is so well established and has been held so many times by this court, we deem it unnecessary to cite the cases.

The judgment is affirmed.

*Affirmed.*

DAVIDSON, Judge, not present at consultation.