STATE OF IOWA, Appellee, v. J. F. STANSBERRY, Appellant.

**HOMICIDE:** Excusable or Justifiable—Self-Defense—Limiting Right
1 to Assaults, Etc. Limiting the right reasonably to meet force
with force to cases where either loss of *life* or *great bodily in-
jury* is threatened, is error, when the jury might have found
either that the accused resisted more than an assault and bat-
tery or no more than that; but such error is harmless when
the accused was convicted of assault with intent to inflict great
bodily injury.

**EVIDENCE:** Demonstrative Evidence—Blood-Stained Clothing—Ex-
2 clusion by Reason of Concession by Accused. Blood-stained cloth-
ing, in connection with a prosecution for assault, is not ren-
dered inadmissible, *as a matter of law*, because the accused
concedes (1) that he inflicted certain wounds upon the prose-
cuting witness, and (2) that a witness for the State has cor-
rectly described said wounds. Whether like evidence, under
kindred circumstances, should be excluded, because manifestly
needless, and as a sinister effort to unduly overprove the case
for the State, must abide the exercise of a fair legal discretion
by the trial court.

**HOMICIDE:** Excusable or Justifiable—Self-Defense—Use of Deadly
3 Weapon—Instructions. Instructions reviewed, and held to clear-
ly require the jury, before it could convict, to find, beyond a'
reasonable doubt, that 'the accused, who pleaded self-defense,
was not justified in using a deadly weapon.

*Appeal from Davis District Court.*—D. M. ANDERSON, Judge.

FEBRUARY 9, 1918.

APPELLANT was indicted for "assault with intent to
murder." He was convicted of an assault with intent to do
great bodily injury, and appeals.—*Affirmed.*

*J. M. Wilson, Henry C. Taylor,* and *Buell McCash,* for
appellant.

*H. M. Havner*, Attorney General, *F. C. Davidson*, Assistant Attorney General, *Thomas A. Goodson*, County Attorney, and *Charles Elgin*, for appellee.

SALINGER, J.—I.   The giving of Instruc-

1. HOMICIDE:
excusable or
justifiable:
self-defense:
limiting right
to assaults,
etc.

tions 7, 8, and 10 is complained of.   No exception was taken to No. 10, and we give complaint of the same no further consideration.

Instruction 7 charges that defendant claims to have acted in self-defense.   Speaking to this claim, the court told the jury:

"That, where one is assaulted by another in such manner as to induce the person assaulted to reasonably believe that he is at that *time in actual danger of losing his life, or of suffering a great bodily injury,* he is justified in defending himself, although the danger be not real, but only apparent.   And he may use such force and means of defending himself as may in good faith appear necessary to him, as a careful, prudent, and cautious man, under the circumstances at the time surrounding him.   All that is required of him is that he shall act from a reasonable and honest conviction as to the danger, although he may be mistaken as to the extent of such danger."

The italics are ours.

The exception to this instruction is "that the same fails to state that a defendant would be justified under the plea of self-defense, in resisting assault and battery."   What has been said of Instruction 7 and exception to some is substantially the situation as to Instruction 8.

The exception is well made.   These instructions do limit the right reasonably to meet force with force to cases where either loss of life or great bodily injury is threatened. As an abstract proposition, this is not the law.  One who is threatened with a mere assault and battery has as much

right, within reason, to meet the force exercised against him with force, as thus to repel a force which threatens a graver injury. *State v. Goering,* 106 Iowa 636; *State v. Evenson,* 122 Iowa 88. The State has favored us with an elaborate brief, for which it is claimed that these cases have been modified. Our conclusion is that all this brief demonstrates is that the later cases require one to retreat, rather than to take life, if it is reasonably apparent that retreat may safely be made; and, perhaps, that retreat is not required of one who is within his own house. As we view it, none of our decisions have so changed the rule as that, while one may meet force with force when threatened with death or great bodily harm, he may not do this if the harm threatened be less than that.

### 1-a

To the defense of this charge, the State adds the claim that, at all events, it was not erroneous as applied to the facts of this case. The argument for the claim is that it was the sole theory of the defense that defendant repelled something more grave than an assault and battery, and that, therefore, the court was not required to instruct on the theory of a resistance to a mere assault and battery.

Now, in a sense, estoppels do not prevail in the criminal law. We held, in *State v. Cameron,* 177 Iowa 379, that, though the defendant in an indictment for seduction denied all intercourse, such denial did not estop him to claim that the State itself had adduced testimony from which the jury might find that the element of previous chastity was not established beyond a reasonable doubt. So here, though the defendant insisted that he repelled something more grave than assault and battery, there was enough claim on part of the State that this was not so, as that a jury might well have found either that the defendant resisted more than an assault and battery, or no more than that. We are of opinion

that the mere fact that such a theory of defense was presented did not justify these instructions.

1-b

But is it not demonstrated by the record that the error was harmless? Had the verdict found the defendant guilty of assault and battery, a different situation would be presented. Such a verdict might be due to the fact that instructions had eliminated self-defense. In other words, if the jury believed the defendant had committed a mere assault and battery, and believed also that he used no more force than was justified, still it could not acquit, because the instructions told it, in effect, that the right to meet force with force did not exist in repelling an assault and battery. But the jury in this case was of opinion that defendant was guilty of an assault with intent to do a great bodily injury. So believing, it had no occasion to consider the rights of one who had done no more than commit an assault and battery. Therefore, the failure to define the rights of one who had done no more than that was not injurious to the defendant. It was but a failure to deal with a situation that the jury must have found did not exist. It is self-evident the verdict is not a declaration that one has no right to defend against an assault and battery. And in reaching its final conclusion, the jury dealt with assaults concerning which there had been no misdirection. Though the charge dealt erroneously with assault and battery, it instructed correctly that one who assaulted with intent to do great bodily harm should be acquitted, if all he did was no more than a justified resistance. With such an instruction, the verdict that defendant was guilty of assault with intent to inflict a great bodily injury should not be construed to negative the right to make justified resistance, where, as here, it can rest either upon a finding that defendant had not acted in self-defense at all, or that he had used more force in resistance than was in reason justified.

2. EVIDENCE: demonstrative evidence: blood-stained clothing: exclusion by reason of concession by accused.

II. The defendant conceded on the trial "that whatever injuries described by Dr. Printz by the way of cuts resulting in loss of blood were made by this defendant, and made by him in the exercise of the right of self-defense." Certain clothing, grewsomely stained with blood, was shown to have been worn by the prosecuting witness at the time of the conflict. When this clothing was offered in evidence, the defendant objected to its introduction, because of having made said concession. The objection was overruled, and the ruling is complained of. The argument is that the State had shown, by the testimony of the physician who attended the prosecuting witness, that certain wounds were inflicted upon the prosecuting witness, and defendant had admitted making these wounds so described; wherefore it was prejudicial to exhibit these garments, because such exhibition was needless, and manifestly an attempt to take unjustifiable advantage of the natural horror that would be engendered by the sight of these garments. If there was any just reason for permitting this clothing to be put in evidence, the fact that it may have had an injurious effect upon the case of the defendant would not make its admission improper. *Cole v. State,* 45 Tex. Cr. 225 (75 S. W. 527, at 530). Legitimate evidence cannot be excluded merely because it is grewsome, and may tend to move the jury's feelings. *State v. Moore,* 80 Kan. 232 (102 Pac. 475). Was this clothing such evidence?

We are referred to *Richardson v. State,* 191 Ala. 21 (68 So. 57, at 60); *Smith v. State,* 183 Ala. 10 (62 So. 864, at 867); *Rollings v. State,* 160 Ala. 82 (49 So. 329, at 330); *Barkman v. City,* 41 Tex. Cr. 105 (52 S. W. 73, at 74); *Hart v. State,* 15 Tex. App. 202; *Levy v. State,* 28 Tex. App. 203 (12 S. W. 596); *Jackson v. State,* 28 Tex. App. 370 (13 S. W. 451); *Gregory v. State,* (Tex.) 43 S. W. 1017,

at 1018; *State v. Cushing,* 14 Wash. 527 , (45 Pac. 145, at 147) ; *McCandless v. Commonwealth,* 170 Ky. 301 (185 S. W. 1100). These cases announce the general rule that, where the clothing is identified as that worn by the assaulted party at the time of the conflict, the condition of such clothing may be put before the jury. *State v. Jones,* 89 Iowa 182, at 188, cited by the State, is a naked announcement that "Because the defendant admitted that he killed Kemp was no reason why the weapon which he used should not be introduced in evidence." The appellant does not challenge the rule, but claims to be within an exception to it. We therefore have no occasion to deal with the rule, but must confine ourselves to whether the defendant has avoided the rule.

Such testimony has been held admissible because it was circumstantial evidence forming some one link in the chain. 1 Starkie on Evidence, (5th Ed.) *66; *Holley v. State,* 75 Ala. 14; *King v. State,* 13 Tex. App. 277; *Story v. State,* 99 Ind. 413; *State v. McKnight,* 21 N. M. 14 (153 Pac. 76) ; *Davidson v. State,* 135 Ind. 254 (34 N. E. 972, at 974). It has been admitted as part of the *res gestae. People v. Hong Ah Duck,* 61 Cal. 387; *State v. McKnight,* 21 N. M. 14 (153 Pac. 76) ; *McDonel v. State,* 90 Ind. 320; *People v. Knapp,* 71 Cal. 1 (11 Pac. 793) ; *Barker v. Perry,* 67 Iowa 146. It is, of course, admitted where doctors and other witnesses disagree as to conditions. *Burgess v. State,* 78 Tex. Cr. 469 (181 S. W. 465) ; *Jackson v. State,* 28 Tex. App. 370 (13 S. W. 451). One of the most usual reasons for admitting it is because it affords evidence of the character of the wounds and the manner in which they were inflicted. See *Story v. State,* 99 Ind. 414, and cases therein cited; and *McKinney v. State,* (Tex.) 187 S. W. 960; *Seaborn v. Commonwealth,* (Ky.) 80 S. W. 223; *Carter v. State,* (Tex.) 170 S. W. 739; *State v. Symmes,* 40 S. C. 383 (19 S. E. 16) ; *Hiles v. State,* (Tex.) 182 S. W. 1121.

But all these are declarations that, when certain reasons exist for the admission, the admission is proper. These work a definition in the nature of a grouping. They make a classification of what *is* admissible. It is not an exclusive definition, however. It settles what reasons will admit, without attempting to say that nothing else shall admit.

### 2-a

The exact question is whether, as matter of law, blood-stained clothing is not admissible where it is conceded that a witness for the State has correctly described the wounds made by defendant.

In *Chapman v. State,* 66 Tex. Cr. 189 (147 S. W. 580), is found the end of a line of cases in Texas which, if followed, and followed to their logical end, gives support to the contention of appellant. In that case, while a physician was testifying, in a prosecution for assault to murder, as to the character of the wounds received by the injured party, the physician raised the shirt of the party, who was then in the court room, and pointed out the place where each bullet entered his body and the direction it took, the seriousness of the injury, etc.; and it was held that admission of such evidence was prejudicial error. In *Lacoume v. State,* 65 Tex. Cr. 146 (143 S. W. 626, 627), where, in a prosecution for assault with intent to murder, the nature of the wounds and their location was not disputed, the clothing worn by complainant at the time of the assault was held to be inadmissible solely to show the amount of blood lost and the condition of the clothing after assault. The holding of *Lucas v. State,* 50 Tex. Cr. 219 (95 S. W. 1055), is that the bloody clothing worn by deceased is admissible when it tends to explain the condition of things and attitude of the parties at the time of the homicide, but is not admissible when its introduction throws no light on the transaction. *Crenshaw v. State,* 48 Tex. Cr. 77 (85

S. W. 1147), rules that, on a trial for homicide, where it was not questioned that deceased was shot several times, and the character, condition, and location of the wounds were fully described, the exhibition to the jury of garments was error, because it threw no further light upon the case; and *Christian v. State,* 46 Tex. Cr. 47 (79 S. W. 562), that, on trial for homicide, the clothes of deceased are not admissible in evidence unless they illustrate and make pertinent some phase of the State's evidence.

What, in a sense, is the leading case on the point is *Cole v. State,* 45 Tex. Cr. 225 (75 S. W. 527, at 530). It holds that, in prosecution for homicide, it was error to admit in evidence the bloody clothes of deceased, where the shooting was admitted, and the nature of the wound, its character, location, and everything in connection with it were clearly proved, and the only effect of the clothes was to influence the minds of the jurymen against accused. It is admitted that usually the admission of such testimony has been held proper; that it sometimes becomes relevant testimony to explain the nature of the wound or some connecting fact, or to assist in developing the case in some way. But it is held that, "under the peculiar facts" of the case, it should not have been admitted; because, "in this case," there was no necessity for it, as it "explained no fact that was relevant to any controverted fact." It is said:

"That deceased was shot by appellant was an admitted fact; the nature of the wound, the character of it, its location. and everything in connection with it was clearly proved, and there was no controversy about it; the admission of the bloody clothes before the jury could serve no purpose except to inflame their minds against accused; these clothes could explain nothing, and the sole tendency was to create prejudice."

Following the *Cole* case, it is said, in *Melton v. State,* 47 Tex. Cr. 451, 455 (83 S. W. 822, at 823):

"It served no legitimate purpose; it did not aid in any way in solving any issue in the case. There was no question in regard to the location of the wounds, their effect and character. It is permissible to introduce the bloody clothing when their introduction serves to illustrate some point or solve some question or throw light upon some matter connected with the proper solution of the case, but under no other circumstances. The introduction of this evidence did not serve to assist in the development of any matter connected with the trial, and the testimony was to inflame the minds of the jury."

In *State v. O'Donnell,* 176 Iowa 337, we held that, in a wife murder, the prosecution should not be permitted to introduce an undue amount of testimony · of previous ill-treatment, and we said:

"The persistency of the prosecution in piling up testimony of this nature beyond what would seem necessary for the legitimate purpose thereof could scarcely fail to impress the jury with the thought that proof of this gross cruelty and abuse on part of appellant established sufficiently his guilt of murder in the first degree."

Giving to these cases all due effect, they establish that, where evidence is manifestly needless, and is an attempt by undue overproof to arouse prejudice, permitting such proof will be prejudicial error. In the language of *State v. Moore,* 80 Kan. 232 (102 Pac. 475), they make a rule which condemns spectacular displays of physical objects germane to the transaction under investigation, and cunningly devised to arouse passion or excite prejudicial emotions on the part of the jury. In our opinion, they do not make a rule, and we think one cannot well be made, which defines what *is* such needless proof, in any given case. In other words, neither the Texas cases nor *O'Donnell's* case determine that, as matter of law, blood-stained garments may not be put in evidence because the State has shown by wit-

nesses the nature and location of wounds received, and it be conceded that such wounds were made by the defendant. They merely settle that, in the cases wherein the holding was made, it was error to admit the clothing. There certainly is no rule of law requiring in all cases the exclusion of such garments in addition to descriptive testimony and concessions. The admission has been sustained in just such circumstances as we have here. See *State v. Moore*, 80 Kan. 232 (102 Pac. 475). There, the appellant was tried for wife murder by shooting. The jacket worn by the wife at the time she was shot was introduced in evidence. It was pierced in the back by two bullet holes, and the lining was stained with blood. When the jacket was offered in evidence, counsel for appellant stated that the defense would offer no evidence as to the shooting. Eyewitnesses had already described the shooting, and a physician had described the location, direction, and extent of the wounds on the body of the deceased; and permitting the garment in evidence was held to be proper.

It means that something must be left to the discretion of the trial judge, who has the entire situation before him, and who is best qualified to give due consideration to the entire situation existing when the offer is made and the objections interposed. What is really involved in reviewing the admission of such testimony is whether judicial discretion has been abused. See *State v. Moore*, 80 Kan. 232 (102 Pac. 475).

And in passing upon whether the discretion has been abused, we must not overlook that, in this jurisdiction, a party is not concluded by the testimony of any one witness whom he produces, and is at liberty to show by some other witness a state of facts differing from that deposed to by the first. If the State was not concluded from introducing another witness who described the location and character of wounds more forcibly than Dr. Printz had done, or

made the injuries more indicative than the testimony of the doctor had done, why was it barred from accentuating the testimony of Dr. Printz, by the introduction of physical evidence from which the jury might have found more to aid the theory of the State than it could or would from the testimony of the physician? If the bloody clothing was not as persuasive proof of a grave assault as was the testimony of Dr. Printz, its introduction did no harm. See *Faivre v. Mandercheid*, 117 Iowa 724. If, on the other hand,—and that is the claim,—it would more clearly impress the jury with the State's claim than would the testimony of Dr. Printz, then it was legitimate evidence,—was not needless.

In *People v. Gonzalez*, 35 N. Y. 49, at 64, it is said:

"The exhibition of the articles in the condition in which they were found was more satisfactory in connection with the other circumstances than any description of them that could have been given by the witnesses."

We held, in *Barker v. Perry*, 67 Iowa 146, that, in criminal assaults, it is the universal practice to exhibit wounds upon the person, and that this kind of evidence is of an important and satisfactory nature, because it brings before the jury part of the *res gestae*, and enables it to determine the nature and character of the injury better than it can be received in a secondary way,—say, as by description from witnesses. It is a general rule that one party may not object that the cumulative proof on part of his adversary is needless, and, as a rule, each party must be left to judge for itself, subject to control by the trial court, how strong its proof can and shall be made. Any other holding might result in this: Should the State put on a witness who made the case for the State less strong than the facts justify, and less strong than it could be made by other credible witnesses, or real evidence, all the defendant need to do to end further inquiry and proof on part of

the State is to make a concession that the one witness produced by the State has said all there is to say. It is all well summed in 2 Wigmore on Evidence, Sections 1157, 1158, by the statement that there is no reason why a party should not prove his case by the clearest evidence; the introduction of real or demonstrative evidence is proper, but the trial court has discretion to prevent any abuse that might be attempted in the use of such evidence.

It is not amiss to add that the record as a whole exhibits the jury was not carried off its feet. It could have convicted of assault with intent to murder. It convicted of a lesser offense.

We are not prepared to say, as matter of law, that it was an abuse of discretion to permit the clothing to be put in,—are not prepared to hold that it was so manifestly needless as to demonstrate that it was a mere spectacular display, for the purpose of arousing passion.

We are unable to see that the case of the State is aided or hurt by *Commonwealth v. Brown,* 121 Mass. 69, 70, and *McCandless v. Commonwealth,* 170 Ky. 301 (185 S. W. 1100).

3. HOMICIDE: excusable or justifiable: self-defense: use of deadly weapon: instructions.

III. On the authority of *State v. Butler,* 146 Iowa 285, it is urged the court committed error, in that it failed to charge that defendant might not be convicted unless the jury found, beyond a reasonable doubt, that he was not justified in using a deadly weapon in self-defense. The tenth instruction was that the plea of self-defense, made by the defendant, will avail him unless the State had proved by the evidence, and beyond a reasonable doubt, that, in whatsoever defendant did on the occasion of his altercation with the prosecuting witness, defendant was not acting in self-defense. If the proof showed defendant was using a deadly weapon, then this

instruction declared that he must not be convicted unless it was shown beyond reasonable doubt that he was not acting in self-defense. It not only did this, but it required such proof, no matter what defendant was claiming to have done in self-defense. It is not complained that an instruction offered on this head was refused. And no exception was taken to Instruction 10.

IV. The third so-called assignment of errors is that the verdict is not sustained by the evidence, and is contrary to the weight thereof, and on the whole, a verdict of guilty cannot be sustained.

There is no brief point to cover this general assignment; but the argument *in extenso* does devote some space to it. We have waived the rule in this appeal taken in aid of liberty, and have given heed to a request to read the evidence carefully, and to the claim that, if this were done, it would appear that the evidence does not support the verdict. The argument is that there was a discrepancy in the ages, physical conditions, and native tendencies of the contestants which negatives the story of the prosecuting witness, and shows that he, and not the defendant, was the real aggressor. This is elaborated upon, and it is further pointed out that defendant vigorously denies having made threats, and that the alleged threats were isolated cases, where the only persons present were the prosecuting witness and a single witness. We are constrained to say that these were all matters legitimately for the consideration of the jury, and that we are not at liberty to disturb their verdict for want of evidence.

We find no prejudicial error exhibited by the record; wherefore, the judgment below must be and is—*Affirmed.*

PRESTON, C. J., LADD and EVANS, JJ., concur.