HARLAN A. RIGGS, Appellant, v. G. E. HATFIELD et al., Appellees.

**APPEAL AND ERROR:** Abstracts of Record—Binding of Abstract
1  and Argument. Supreme Court Rules 52, 53, and 55 do not prevent an appellant from combining his abstract and argument in one binding.

**APPEAL AND ERROR:** Briefs—Failure to Comply with Rules.
2  Where the appellant fails to comply with Rule 53, by not presenting any brief points, but furnishes an old-fashioned argument *in extenso*, the argument will be stricken, where the appellant made no effort to correct the error, although the motion to strike was made in time to allow him to do so; and the case will, therefore, be affirmed, without consideration of the merits.

EVANS, J., concurs specially.

*Appeal from Warren District Court.*—W. H. FAHEY, Judge.

OCTOBER 27, 1919.

FOR reasons that will appear in the body of the opin-

ion, we pretermit the making of a preliminary statement.—
*Affirmed.*

Hickman & Wells and A. V. Proudfoot, for appellant.

Berry & Watson and H. H. McNeil, for appellees.

SALINGER, J.—I. It becomes our duty to pass upon a
motion by appellee which was ordered submitted with the
cause. In that motion, it is prayed that the abstract and
argument of appellant be stricken. One
ground of the motion is that the abstract
and argument are combined in one binding.
It is complained that this is contrary to
Rules 52 and 53. We find no rule prohibit-
ing such combination in binding. Possibly counsel have
made a mistake in reference to the rules. In Section 55
alone is there any requirement for separate binding. It is
not that the abstract and brief must be separately bound,
but that, where a brief is followed by an argument, it shall
be distinct from the brief, but shall be bound with the
same. This ground of the motion is not well taken.

1. APPEAL AND
ERROR: abstracts
of record:
binding of
abstract and
argument.

II. It is next asserted that the appellant has not com-
plied with Rule 53, in that he has made no statement of the
nature of the action, of what the issues were, how they
were decided, or of the facts; that there
are no "Errors relied on for reversal," and
no points or separate statement of proposi-
tions urged. This is true. The paper so as-
sailed for variance from rule form is entitled "Appellant's
Brief & Argument." It is the old-fashioned argument *in
extenso*. No one can make a statement of what the con-
troversy is without reading all of the argument, and pos-
sibly the abstract. Without such reading, it may not be
known what the issues were, how they were decided, what is
complained of, or what rules of law it is claimed have been
violated. In short, one must read all the argument, and

2. APPEAL AND
ERROR: briefs:
failure to com-
ply with rules.

possibly all the abstract, even to know what the suit and the appeal are about. Under Rule 55, the appellant has the option to follow his brief by an argument in support of the brief. The argument is a follower of the brief. Here, there is no brief to follow. "Brief points" are absolutely essential to review. *Wells v. Chamberlain,* 185 Iowa 264; *Wine v. Jones,* 183 Iowa 1166; *State v. Kiefer,* 183 Iowa 319; *Powers v. Iowa Glue Co.,* 183 Iowa 1082; *McNamara v. Chicago, R. I. & P. R. Co.,* 183 Iowa 577; *State v. Stansberry,* 182 Iowa 908; *State v. Strum,* 184 Iowa 1165; *Peterson v. McManus,* 187 Iowa 522; *Loving v. Atlantic So. R. Co.,* 184 Iowa 435; *Snyder v. Heuer,* 184 Iowa 538; *Shilling v. Sioux City G. & E. Co.,* 184 Iowa 1153; *Stilwell v. Stilwell,* 186 Iowa 177. The argument *in extenso* is desirable, but optional. The rule so treats it. The exercise of an optional right adds nothing to appellate standing. Appellant was, on brief points, entitled to review had he not made an argument *in extenso*. *Wells v. Chamberlain,* 185 Iowa 264; *State v. Burley,* 181 Iowa 981. Making argument does not save review if no brief points are made. *Powers v. Iowa Glue Co.,* 183 Iowa 1082. The rule itself provides that argument cannot be considered if brief points are not made. Nothing which may not be considered unless something else be first done can be a substitute for that first required thing. It follows that, where a rule provides that an alleged error not contained in a statement of points shall not be raised in argument, the argument cannot be a substitute for the statement of points. If a matter may not be raised in argument if there be no brief points, argument alone is of no avail. One may not be saved by what the court is prohibited from looking into.

This rule is sometimes waived "in aid of liberty." *State v. Stansberry,* 182 Iowa 908. But it must be either waived or abrogated or followed. If, without waiver and abrogation, it may be disregarded, it might as well not ex-

ist. No just reason for waiver is suggested. The record here is open to every objection on account of which an affirmance resulted in *Case Thresh. M. Co. v. Dravis,* 182 Iowa 474. It is even more objectionable. The argument does not even have the headings and subdivisions that were found present in the *Dravis* argument. And there is more. The motion attacking the argument was served on May 6, 1918. The cause was submitted on May 8, 1918. In the motion, and in the fourth ground thereof, there was this statement:

"This cause has not yet been finally submitted, and appellant may be given time in which to make his argument comply with the rules of this court."

No advantage was taken of this proffer. The record does not disclose any attempt to meet the proffer, or attempt to obtain further time to meet it.

We are constrained to affirm, without consideration of the merits.—*Affirmed.*

Ladd, C. J., Preston and Stevens, JJ., concur.


Evans, J. (specially concurring). I am not willing to agree that appellant's brief should be disregarded for want of proper form. It does not comply with the rules in its form. But it consists of only four pages, and can be read in as many minutes. It discloses fully the contention of appellant, and cites and analyzes the authorities in support thereof. I think, therefore, that the noncompliance may well be waived.

My own examination of the case satisfies me that the case should be affirmed on its merits, and I therefore concur in the result.