STATE OF IOWA, Appellee, v. GEORGE SANFORD, Appellant.

No. 42731.

OCTOBER 16, 1934.

Yeaman & Yeaman and Bliven & McKinley, for appellant.

Edward L. O'Connor, Attorney-general, and Max Duckworth, County Attorney, and Thomas E. Murray, Assistant County Attorney, for appellee.

CLAUSSEN, J.—The defendant was indicted by the grand jury of Woodbury county for the crime of assault with the intent to inflict great bodily injury. The case was tried to a jury which returned a

verdict finding the defendant guilty of assault and battery. The record brings before us but one question requiring consideration.

The defendant contended that he acted in self-defense. In instructing the jury on the right of self-defense the court properly stated the law respecting the right of the defendant, if he reasonably believed himself in danger of sustaining great bodily injury or losing his life, to inflict great bodily injury in self-defense, and his duty to retreat before inflicting such injury. In the instruction the court advised the jury that if no greater force or more hazardous means were used by the defendant to protect his life and person than really appeared to him to be necessary as a prudent and courageous man under the surrounding circumstances, the use of such force or means was not unlawful. The court at no place advised the jury that one assailed need not retreat, but may repel force with force, short of inflicting great bodily injury or taking life. State v. Brackey, 175 Iowa 599, 157 N. W. 198; State v. Gough, 187 Iowa 363, 174 N. W. 279; State v. Goering, 106 Iowa 636, 77 N. W. 327.

The trial court submitted the crime of assault and battery as an included offense. It was the duty of the court on its own motion to fully and correctly state the law in relation to this offense and, in view of the defense made, to advise the jury of the defendant's right of self-defense as it related to the crime of assault and battery. The jury were not advised in the instructions that the defendant need not retreat before repelling the assault with force short of inflicting great bodily injury. The failure of the court to instruct upon this right of the defendant was prejudicial. State v. Goering, 106 Iowa 636, 77 N. W. 327; State v. Stansberry, 182 Iowa 908, 166 N. W. 359.

It has been noted that the court advised the jury that if no greater force or more hazardous means were used by defendant than appeared necessary, the use of such means or force would not be unlawful. This does not take the place of an instruction covering the right of the defendant, when unlawfully assailed, to use force, no greater than a battery, in self-defense before retreating. The instructions as a whole limited the right to use force in self-defense to one who believes himself in danger of loss of life or great bodily injury.—Reversed.

MITCHELL, C. J., and STEVENS, ANDERSON, and KINTZINGER, JJ., concur.