BOSTON v. MUNCY.

No. 34163.   June 19, 1951.

*233 P. 2d 300.*

Sam L. Wilhite and R. L. Lunsford, III, Anadarko, for plaintiff in error.

Oris L. Barney, Anadarko, for defendant in error.

GIBSON, J. This is an action by W. M. Muncy against Glenn Boston to recover actual and exemplary damages for alleged assault and battery committed upon his person by defendant. The defense is self-defense.

The evidence is undisputed that an altercation occurred between the parties while engaged in a conversation over a business transaction. Plaintiff, in substance, testified: On the evening of December 28, 1946, after closing my store in Hinton and while on the way home I stopped in a domino parlor to see a friend. After I had been there for a few minutes defendant Boston tapped me on the shoulder and stated he wanted to talk to me. He asked me about an automobile heater. He had been in the store about four weeks prior thereto and asked me to order a heater for him. I told him I could not get one because heaters were rationed. He then stated I had promised to save one for him. I replied I did not remember ever having made such a promise but if I had I had forgotten. He then stated "In other words, you lied to me." I replied "I would not put it that way." He then said "Don't call me a liar", and at the same time he hit me over my right eye. I wore glasses at the time. He struck my glasses and my eye was bleeding. The blow struck me and stunned me and I don't know what happened. All I know is that I was taken to a doctor. I at no time struck or attempted to strike defendant.

Plaintiff's evidence is in the main supported by several other witnesses who were present at the time and who have testified in his behalf.

Plaintiff also offered medical testimony tending to establish that as a result of the blow received by him over his right eye, he sustained the entire loss of use of the eye.

Defendant in his testimony agreed with the testimony of plaintiff as to the conversation that took place between them immediately prior to the altercation except defendant testified that when he reminded plaintiff that he had promised to save a heater for him plaintiff called him a liar and made an attempt to hit him with his fist; that he then struck plaintiff in self-defense.

In this respect defendant is supported in his testimony by other witnesses who testified in his behalf.

This, in substance, constitutes the material evidence upon which the trial court submitted the case to the jury. It rendered a verdict in favor of plaintiff awarding him actual damages in the sum of $11,000. It awarded him no exemplary damages. Judgment was entered on the verdict.

Defendant appeals and relies for reversal on alleged errors of the trial court in giving its instructions Nos. 8 and 10 to the jury and in refusing to give his requested instruction No. 3. Defendant properly saved his exceptions to the giving of these instructions and in refusing his requested instruction.

In its instruction No. 8, in instructing as to defendant's right of self-defense, the jury is told:

" . . . This defense is recognized by the law, and guaranteed to all of its citizens, and should be considered by you, together with all the other facts and circumstances and evidence in the

case in determining who provoked the difficulty, and you are instructed that, if at the time the defendant is alleged to have assaulted and struck the plaintiff the defendant in doing what he did was acting in an effort to protect his own person or life, and the circumstances then surrounding the defendant were such in the exercise of reasonable judgment would justify or induce in his mind an honest belief that he was in danger of receiving some great bodily harm, judging from the standpoint of the defendant, then the defendant would be justified in doing what he did, and your verdict should be for the defendant."

Defendant contends that this instruction unlawfully limits his right of self-defense and, in effect, denies him that right. With this contention we agree. Under this instruction the jury is advised that the defendant could not exercise the right of self-defense unless he was then in danger, real or apparent, of receiving great bodily harm at the hands of the plaintiff. This is not a correct statement of the law as applicable to the facts in this case. The rule in such case is that one who is assaulted or interfered with by another without provocation may use sufficient force to repel the attack without being guilty of assault even though he may not believe himself to be in danger of great bodily harm. 21 O. S. 1941 §643, subd. 3; People v. Lopez, 265 N.Y.S. 211; State v. Goering, 106 Iowa 636, 77 N. W. 327; Caldwell v. State, 160 Ala. 96, 49 So. 679; State v. Woodward, 58 Idaho 385, 74 P. 2d 92. In Johnson v. State, 59 Okla. Cr. 283, 58 P. 2d 156, the court said:

"In a prosecution for manslaughter in the first degree by striking decedent on the head with the fist, instructions limiting the right of self-defense to reasonable apprehension of a design to commit a felony or to do some great personal injury, held improper and prejudicial."

In O'Shea v. Opp, 341 Mo. 1042, 111 S. W. 2d 40, the Supreme Court of Missouri held as stated in paragraph 15 of the headnotes:

"In action for assault defendant's instruction that if jury found that plaintiff struck first blow, defendant had right to use all force that appeared reasonably necessary to protect himself, unless jury believed that defendant brought on difficulty for purpose of doing plaintiff 'great' bodily injury was erroneous for inclusion of word 'great'."

An instruction such as was given in this case is usually given in homicide and aggravated assault cases where a deadly weapon is used by defendant in his defense and properly so. 21 O. S. 1941 §733, subd. 2. Such an instruction, however, should not be given in an ordinary assault and battery case, especially where, as here, it is conceded that the alleged assailant in making the assault was using only his hand and fist. Speaking on this question, the court, in the case of State v. Woodward, supra, said:

"It is true, as stated in this instruction, that one, assailed or threatened with imminent danger to life or great bodily injury, has the right to defend himself, and, if the danger or peril is of such apparent imminence, may use a deadly weapon in his defense; but this does not include the entire scope of the right of self-defense. The right of self-defense arises the moment an attack is made, even though the party assailed may not have reason to believe that his assailant intends to inflict upon him 'great bodily injury.' It may be, as it perhaps was here, that the assailant intends to chastise or whip his victim without any real or apparent intention of inflicting serious bodily injury, but the moment he makes the attack, or it becomes reasonably apparent that he intends to execute such purpose, and has the present ability so to do, the right of defense arises and clothes the intended victim with legal authority to resist, and, if possible, prevent the execution of such unlawful purpose. . . ."

In his requested instruction No. 3 defendant requested the court to instruct the jury:

"You are instructed that any person unlawfully assaulted may stand his

ground and resist force with force, and that the defendant had the right to exercise and use such reasonable force as may have reasonably appeared to him in good faith to be necessary to protect himself from bodily harm, even though he may not have been actually in danger. Therefore, if you find and believe from the preponderance of the evidence that the defendant exercised such reasonable force as appeared reasonable to him in good faith to be necessary to protect himself from bodily harm by the plaintiff, even though he may not have actually been in danger, then and in that event your verdict should be for the defendant."

It will be noted that defendant in his requested instruction immediately prior to the words "bodily harm" eliminates the word "great" and thus called attention of the trial court as to the specific objection urged as to the instruction given. The court nevertheless gave the instruction and refused to give the requested instruction.

The use of the word "great" in the instruction immediately preceding the words "bodily harm" was of importance to defendant as it in effect deprived him of his full and complete right of self-defense as pointed out in the authorities above.

The trial court erred in giving this instruction and refusing to give defendant's requested instruction.

Defendant further contends that the court erred in giving instruction No. 10. In this instruction the jury is charged:

"You are further instructed, gentlemen, that the right of self-defense is defensive and never offensive, and there must be a necessity for action and for the assault. A man cannot be the aggressor or enter voluntarily into a difficulty and plead the right of self-defense."

This instruction, in our opinion, is somewhat inaccurate but not necessarily prejudicial. The error, if any, in giving the instruction is not sufficient in and of itself to require reversal.

Plaintiff contends that the defendant waived the error, if any, of the court in giving instruction No. 8 for the reason that he failed to save an exception to instruction No. 7. In this instruction the jury is charged:

"You are instructed, gentlemen, that an assault is justifiable when committed in the lawful defense of one's person, when there is reasonable grounds to apprehend a design to commit a felony or do some great personal injury and imminent danger of such design being accomplished."

This instruction does not deal with the subject matter as is dealt with in instruction No. 8. The contention of plaintiff in this respect cannot therefore be sustained.

It is further contended by plaintiff that the error, if any, in giving instruction No. 8 could in no manner have misled the jury and the error in giving the instruction is therefore harmless. We do not agree. The instruction too narrowly limits defendant's right of self-defense.

The evidence is highly conflicting as to who was the aggressor. The jury might have found that plaintiff was the aggressor, but it also might have further found that defendant was not justified in apprehending or believing that plaintiff intended to inflict upon him some great bodily harm, and under the instruction it might have concluded that the defendant therefore had no right to stand his ground and defend himself against the attack and it was therefore its duty to render a verdict for plaintiff.

We think the instruction prejudicial, and the error in giving it when considered in connection with the ruling of the trial court in refusing to give defendant's requested instruction of sufficient consequence to require a reversal.

Judgment reversed and cause remanded for a new trial.

ARNOLD, C. J., LUTTRELL, V. C. J., and CORN, DAVISON, HALLEY, JOHNSON, and O'NEAL, JJ., concur.