## GANT v. UNITED STATES.

### No. 1082.

Municipal Court of Appeals for the
District of Columbia.

Argued Sept. 5, 1951.

Decided Sept. 20, 1951.

Robert I. Miller, Washington, D. C., for appellant.

William Bryant, Asst. U. S. Atty., Washington, D. C. (George Morris Fay, U. S. Atty., and J. Warren Wilson, Asst. U. S. Atty., Washington, D. C., on the brief), for appellee.

Joseph M. Howard, Asst. U. S. Atty., Washington, D. C., also entered an appearance for appellee.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

HOOD, Associate Judge.

Appellant was originally charged with assault with a dangerous weapon but the charge was reduced to simple assault and she was found guilty by a jury.

The complaining witness testified that after an argument in a kitchen appellant picked up a paring knife and stabbed her five times around the upper part of her body. She also testified that she made no attack on appellant and had no weapon of any kind.

Appellant's testimony was that complaining witness had a butcher knife and chased her around the kitchen table; that she was not able to get to the door but she did run to the opening at the back stairs, which led up from the kitchen, and called to someone upstairs; that she then turned back into the kitchen, picked up a paring knife from the table and cut or stabbed complaining witness.

On cross-examination after appellant had testified that she was afraid while being chased, she was asked: "Why did you not continue your flight by running up that stairway." Appellant's counsel objected to the question on the ground that the law does not require one to run away from an assailant before defending one's self. The trial court agreed that such was the law but overruled the objection on the ground that the question did not intimate that the law was otherwise.

In final argument to the jury Government counsel argued that appellant's actions, as related by her, in stopping in flight and returning to the danger she was seeking to escape, was not consistent with ordinary human behavior, because "it is human nature that when a person is scared, he will run." Appellant's objection to this line of argument was overruled.

The trial court instructed the jury: "If attacked, the defendant was not required to

run; but had the right to stand her ground, and use any means in order to defend herself or to repel her adversary."

Appellant does not complain of the instruction to the jury but argues that the question put to appellant and the argument made to the jury concerning appellant's failure to flee was misleading to the jury and gave a false impression of the law.

Appellant's argument is completely answered by the case of Josey v. United States, 77 U.S.App.D.C. 321, 135 F.2d 809, 810, similar in many respects to the present one. There defendant was charged with assaulting another woman with a dangerous weapon. Defendant testified she cut the complaining witness after first being attacked by her. On cross-examination defendant was asked: "If you believed the Boxley woman was going to do you some harm, and you saw a knife in her hand, why didn't you run into the house to avoid trouble?" This question was held proper.

There, as here, reliance was had on the case of Brown v. United States, 256 U.S. 335, 41 S.Ct. 501, 65 L.Ed. 961, 18 A.L.R. 1276, for the proposition that one who reasonably believes he is in immediate danger of death or grievous bodily harm from his assailant, may stand his ground and defend himself. Referring to that case the United States Court of Appeals said:

"But the Court did not by any means repudiate the requirement that one must reasonably believe he is in immediate danger of death or of grievous bodily harm, in order to justify a deadly assault in self-defense. What appellant believed, concerning Virginia Boxley's conduct, and how that belief affected her, was, consequently, of vital importance. The question, propounded by the District Attorney, was calculated to search for the nature and character of her belief, and was entirely proper to determine whether appellant went farther than she was justified in doing."

Affirmed.