**Thomas JOHNSON, Appellant,**

v.

**Theodore JACKSON, Appellee.**

**No. 2895.**

Municipal Court of Appeals for the District of Columbia.

Submitted Feb. 5, 1962.

Decided March 5, 1962.

William C. Darden, Washington, D. C., for appellant.

Joseph C. Suraci, Washington, D. C., for appellee.

Before QUINN, Associate Judge, CAYTON (Chief Judge, Retired) sitting by designation under Code, § 11–776(b), and MYERS, Associate Judge of The Municipal Court for the District of Columbia, sitting by designation.

CAYTON, Acting Judge.

This was a suit claiming damages for an assault. Plaintiff is an automobile mechanic and defendant was a customer of the shop where plaintiff worked. Defendant came there to complain about a repair bill and there was an argument. Defendant struck plaintiff and broke his jaw, and as a result plaintiff was hospitalized, lost several weeks from work and suffered weakness, pain and discomfort. The trial judge made a finding in his favor for $3,500.

On this appeal by defendant the basic question is whether the evidence supported a finding that defendant was liable in damages. He claimed that he struck plaintiff in self-defense, reasonably believing that he was about to be assaulted, and that he was

328

justified in using reasonable force for his own protection. At trial defendant testified that during the argument plaintiff had a metal wrench in his hand, and that

> "He said, 'You're a goddam liar.' I said—I said to him, 'You're another goddam liar.' He said again, he said, 'You're a goddam liar.' And when he said that, he went with his hand back over like that (demonstrating); and when he went back like that, I hit him."

He said he would not have struck the blow if plaintiff "hadn't of raised the wrench to hit me."

Plaintiff had already testified that his employer had called him into the garage office to explain the repair bill to defendant, that he was carrying not a wrench but a small pair of brake-spring pliers with which he had been working in the shop. He denied cursing or threatening defendant or raising his hand toward defendant, and said he had started to walk out when defendant struck him in the jaw. Plaintiff was corroborated, at least in part, by his employer and by a fellow mechanic.

■ There is no difficulty about the law of this case. The rule is much the same in civil and criminal actions. A man is justified in using reasonable force to repel an actual assault, or if he reasonably believes he is in danger of bodily harm. That is the essence of the law of self-defense. See Gant v. United States, D.C. Mun.App., 83 A.2d 439, and cases there cited; Boston v. Muncy, 204 Okl. 603, 233 P.2d 300, 25 A.L.R.2d 1208; 6 C.J.S.

Assault and Battery § 18. But obviously the trial judge did not believe that such was the situation here. In deciding the case he was resolving issues strictly factual, and we cannot say that the finding was plainly wrong or unsupported by the evidence.

■ Nor can we sustain appellant's contention that the amount awarded by the trial judge was not supported by the evidence. We need not discuss appellant's separate criticisms of certain findings of fact announced verbally at the conclusion of the trial. Plaintiff's injury was described as a compound bilateral fracture of the mandible, meaning that his jaw was completely broken through in two places. He was hospitalized for eight days. A special splint was constructed and his jaw was wired shut and so remained for about six weeks, during which time he could eat no solid food. He lost seven weeks away from his job, and suffered pain, discomfort and weakness. Though his surgeon, who had last seen him some 18 months before the trial "wouldn't say that there was any permanent disability now," plaintiff testified that he was still having trouble, and "I can't eat any tough meat or anything." He demonstrated the point of difficulty to the judge. We cannot say the judge erred in concluding that plaintiff was "under some permanent difficulty."

Appellant says that certain medical charges were not paid by appellee, but by an insurance carrier. Accepting that as true, the other elements of damage were sufficient to support the finding.

Affirmed.