S. I. REDFIELD, Appellee, v. BOSTON PIANO & MUSIC COM-
PANY, Appellant.

**PLEADING:** Motions to Strike—Non-Responsive Answer.  In an
action for agreed salary under a written contract in which *pay-
ment* was the sole contention of the defendant, an answer averring
the careless and inefficient performance by plaintiff of services
*other than those on which the action is based,* is properly stricken
on motion.

**MASTER AND SERVANT:** Services and Compensation—Defense.
It is no defense that services actually performed under a written
contract were of less value than the compensation which defend-
ant had agreed to pay.

**PLEADING:** Affirmative Defenses—Necessity That Each Be Com-
plete in Itself.  Different affirmative defenses should not only
be set forth in separate divisions, but each division should be com-
plete in *itself.*

**CONTRACTS:** Modification—Necessity for Mutuality.  It requires
two to make and two to modify a contract.  Therefore, defendant,
who was under contract to pay plaintiff an agreed salary *for an
agreed time,* could not, prior to the expiration of such agreed time,
affect plaintiff's rights by notifying him that, if he performed fur-
ther services, he must do so at a salary less than that called for
by the existing contract.

**APPEAL AND ERROR:** Assignment of Error—Omnibus Assign-
ments.  An omnibus assignment of error, with no brief point
with reference to any particular error, will be wholly disregarded.
So held where the assignment of error referred to certain pages of
the abstract, which pages revealed ten different rulings adverse to
appellant, followed by an argument in which no particular ruling
is referred to.

**APPEAL AND ERROR:** Assignment of Error—Authority to Re-
quire.  The appellate court has constitutional authority to require
an assignment of error.  (Const., Art. 5, Sec. 4.)

*Appeal from Johnson District Court.*—R. P. HOWELL,
Judge.

MONDAY, JANUARY 15, 1917.

ACTION for balance owed on contract resulted in judgment as prayed. The defendant appeals.—*Affirmed.*

*C. H. Van Law, O. A. Byington* and *Stephen Casey,* for appellant.

*Dutcher, Davis & Hambrecht,* for appellee.

LADD, J.—I. The defendant, a corporation, entered into a written contract, employing plaintiff as sales manager, corresponding clerk, writer of advertising, and as general employee, for one year from September 1, 1914, at the rate of $150 per month and personal expenses when absent on business. The petition alleges that plaintiff rendered services under this contract up to January 18, 1915, and asks judgment for unpaid salary in the sum of $185.

The answer was in four counts, two of which—the first and the fourth—were stricken on motion. In the first count, defendant denied every allegation of the petition not specifically admitted, denied that plaintiff performed services under the alleged contract, but admitted that the plaintiff did perform certain services between the first of September, 1914, and the first day of January, 1915; but with reference thereto averred that the defendant had paid the plaintiff more than the value of such services, and in addition thereto, that the services rendered by the plaintiff during the period from the first day of September, 1914, to and including a part of the month of January, 1915, gave rise to needless and useless expenditure of money by the defendant, which was occasioned by the unskilled and inefficient work of the plaintiff; that such services were detrimental and damaging to the defendant in the conduct of its business, and the defendant company was damaged thereby far in excess of the claim now made by the plaintiff for the services herein referred to. As the action was based solely on the alleged written

1. PLEADING: motions to strike: nonresponsive answer.

contract, it was quite immaterial that services were rendered otherwise than thereunder, and, if so rendered, whether plaintiff was negligent or unskillful in what he did.   Neither directly nor by fair implication can this count be read to admit the employment as alleged, and the negligence and want of skill are averred to have occurred in services other than those on which the action was based.  If no services were rendered under this contract, that ended the case, and there was no occasion to inquire whether services performed under some other arrangement were unskillfully or inefficiently rendered; for the only contention is that plaintiff had been fully paid, and in any event, there could have been no recovery.   There was no error in striking this count of the answer.

II.   It is averred in the fourth count of the answer that plaintiff was in the employment of defendant from September 1, 1914, until about January 1, 1915, that he was paid for his services $450, and that this was

**2. MASTER AND SERVANT: services and compensation: defense.**

in excess of the fair and reasonable value of his services; and indebtedness was denied on this ground.   This count was rightly stricken, for that the action was based on a written contract specifying the amount defendant would pay for services rendered.   That the services may have been of less value than agreed upon alone furnished no defense.

**3. PLEADING: affirmative defenses: necessity that each be complete in itself.**

Counsel for appellant suggests that the allegations should be construed in connection with other portions of the answer; but Section 3568, Code, 1897, declares:

"Each affirmative defense shall be stated in a distinct division of the answer, and must be sufficient in itself, and must intelligibly refer to that part of the petition to which it is intended to apply."

Appellant appears to have interposed the two counts discussed, on the theory that plaintiff would be called upon

to prove the value of the services; but no claim of *quantum meruit* is to be found in the petition. This count also was rightly stricken.

III. The defendant rested upon the introduction of plaintiff's evidence, and each moved for a verdict. The court directed a verdict for plaintiff in the sum claimed. Ap-

4. CONTRACTS: modification: necessity for mutuality.

pellant contends that this was error, for that the defendant had notified plaintiff, November 23 or 24, 1914, "to the effect that plaintiff's services would not be retained at any other than $100 per month," and he had been paid in full to December 1st, following. He continued work until January 7, 1915, and it is said that his only remedy was in a suit for damages consequent on the alleged breach of contract in so repudiating it, rather than for services under the contract as though it were in force after such notice. A common expression is that it takes two to make a bargain, and it is quite as true that the same number is required to modify or change one already made. The notice was merely that defendant would not pay as high a salary as it had in writing agreed to pay. Undoubtedly, plaintiff might have treated this as a breach of the contract and sued for damages, but he was not bound to do so. He had undertaken to work for a year, and, if permitted, could continue in the service of defendant notwithstanding said notice, during that period, and, if he did so, would be entitled to the compensation specified in the contract. Manifestly, this is what he did, in so far as permitted. The notice did not purport to discharge him, and continuing to perform his part of the contract exactly as agreed cannot be construed as acquiescence in the proposed reduction in salary. Defendant dispensed with his services January 7, 1915, and, as no breach of the contract on his part appears, he is entitled to recover the stipulated compensation.

IV. The assignment of error reads:

"There was error in the rulings of the court, exclud-

ing the further testimony of the plaintiff on cross-examination with reference to the termination of the contract of employment and the renunciation of the same by the defendant company, as shown in the record as set forth on pages 18 and 19 of the abstract.''

5. APPEAL AND ER-ROR: assignment of errors: omnibus assignments.

Turning to these pages, we find ten rulings in which objections were sustained. No brief point with reference to any of these is to be found in appellant's brief. In argument, no particular ruling is referred to, but all are bunched together, and are said to have been propounded to develop the real facts. Appellee contends that no error was pointed out on which a reversal may be predicated. Rule 53 of this court, relating to the preparation of briefs, requires appellant to set out, among other things, ''the errors relied upon for a reversal.'' Assignment of errors is no longer required by statute. Section 4136, Code Supp., 1913. Section 4, Article 5, of the Constitution declares that, in actions at law, however:

6. APPEAL AND ER-ROR: assignment of error: authority to require.

''The Supreme Court . . . shall constitute a court for the correction of errors at law, under such restrictions as the general assembly may by law prescribe.''

Its function being to correct errors, it may exact that these errors be pointed out in some way, in order that it may know what correction it is called upon to make. No precise form is prescribed for so doing. It is enough if the particular ruling is indicated which is claimed to have been erroneous.

As was said in *Cooper v. City of Oelwein*, 145 Iowa 181, this court is entitled to know the errors relied on for reversal, and this much is exacted by Rule 53 of this court:

''The record will no more be searched to ascertain the rulings hinted at, but not stated, than formerly; but, to entitle the appellant to a hearing thereon, the particular ruling complained of must be indicated, and where to be found

in the record pointed out. This is the least that can be exacted from an appellant.''

The rule referred to also exacts that:

''Following this, the brief shall contain, under a separate heading of each error relied on, separately numbered propositions or points, stated concisely, and without argument or elaboration, together with the authorities relied on in support of them; and in citing cases, the names of parties must be given, with the book and page where reported. . . . No alleged error or point, not contained in this statement of points, shall be raised afterwards, either by reply brief, or in oral or printed argument, or on petition for rehearing.''

Though it is greatly to be preferred that no errors other than those relied on be assigned, and that numbering always follow the rule prescribed, and that the brief point concisely state the rule contended for in connection with alleged error, substance ought never to be sacrificed for mere form; and no litigant should be denied a hearing if the ruling complained of is clearly apparent from the recital of errors relied on for reversal and the brief points following. The manner of preparing briefs is of great importance to this court. We are in a situation to know better than others can how the points raised may best be impressed on the attention of the court, the order of argument that will facilitate the study of these points and avoid oversight; in short, how counsel may best aid the court to the complete mastery of the questions involved. Such is the purpose of submitting briefs, and for these reasons, counsel cannot too strictly observe these rules therefor, which have been adopted on great consideration. The appellant has not presented the alleged errors in rulings on admissibility of evidence in a manner to permit their review.—*Affirmed.*

GAYNOR, C. J., EVANS and SALINGER, JJ., concur.