W. J. SNYDER, Appellant, v. HENRY HEUER, Appellee.

**NEGLIGENCE:** Distracted Attention. One who voluntarily and
1    unnecessarily places himself in a position which he must know is
one of ever-present danger, but a danger which he, by slight
care, could avoid, but does not, may not escape the charge of
negligence *per se* by the plea that, when injured, his mind was
wholly centered on a near-by object.

**APPEAL AND ERROR:** Requirement of Argument. An argument
2    must contain (1) an allegation of the exact error relied on, and
(2) a brief point covering such allegation.

*Appeal from Des Moines District Court.*—JAMES D. SMYTH,
Judge.

SEPTEMBER 30, 1918.

THE controlling question is whether the trial court
erred in holding, as matter of law, that plaintiff and appel-
lant was guilty of contributory negligence.—*Affirmed.*

*S. K. Tracy* and *T. B. Snyder,* for appellant.

*Seerley & Clark* and *W. F. Kopp,* for appellee.

SALINGER, J.—I. The instructions ruled that plaintiff
contributed to his injury by his own negligence, and sub-
mitted nothing but the question whether
defendant, "after discovering the position

1. NEGLIGENCE:
distracted
attention.

of the plaintiff, and the peril to which he
was exposed, failed to exercise care to avoid
striking the plaintiff with his team and wagon, and inflict-
ing injury upon him." This charge was excepted to for
being an invasion of the province of the jury, "upon the
subject of contributory negligence." And the exception
stated further that the question of contributory negligence
was a question of fact, that should have been submitted to
the jury.

The facts are simple. The plaintiff was injured by a wagon loaded with hay, which defendant was driving upon a scale, to be weighed. A billboard was placed in a line parallel with the scale or scale platform, and a few feet away from that platform. Plaintiff was standing in the comparatively narrow space beside the platform, with his back towards it, engrossed in reading some notices upon the billboard, and talking to one Heman. He was familiar with the situation, and knew that he was standing close to a public scale, and that loads might at any time be driven upon that scale; paid no attention to what might happen upon the scale; but, as said, engaged his attention in reading said notices, and conversation. The load of hay brought onto the scales by the defendant was wider than the scale platform, and encroached upon the space whereon the plaintiff was standing; and thus he was injured. It is manifest that, if plaintiff had not wholly concentrated his attention upon the contents of the billboard and engaged in said conversation and turned his back in the direction from which danger might come, as it did, the act of the plaintiff would have done defendant no hurt. We are constrained to agree with the trial court that, as matter of law, the plaintiff contributed to his own injury by his own negligence.

II.  In the errors relied on for reversal, the appellant asserts that the court erred in allowing the witness Dehn to say, on cross-examination by defendant, that a bystander, one Heman, said, "Well, it was your own fault;" and that it erred in permitting this witness to say, on this cross-examination, "We had no business there." Beyond the statement just set out, the brief of the appellant contains nothing. No brief point covers these alleged error assignments. They are merely the old-fashioned general assignment of errors, and alone will not suffice. Neither an assignment of errors relied on for reversal nor brief points will, under the present rules, en-

2. APPEAL AND
ERROR: re-
quirement of
argument.

title an appellant to review. These rules demand, first, an allegation of what error is relied on for reversal, and a brief point, as defined by the rule, upon that error assignment.

III. There is a motion by appellant to strike the amendment of abstract by appellee, in effect upon the ground that the same was filed some three months or more after appellant's abstract was served and filed, and long after appellant's argument was served, and at the same time that the argument for appellee was served. It is further asserted that the amendment sets forth nothing that in any manner contradicts what is set forth in appellant's abstract, and is simply a multiplication of words in setting out the same facts. We are of opinion that the complaints are not well taken, and that the motion must be overruled.

The judgment will be—*Affirmed.*

PRESTON, C. J., LADD and EVANS, JJ., concur.