MARGARET SHILLING, Administratrix, Appellee, v. SIOUX CITY GAS & ELECTRIC COMPANY, Appellant.

**APPEAL AND ERROR:** Failure to Preserve Evidence. Failure to preserve the evidence by proper bill of exception necessarily limits appellate review to properly entered exceptions which may be passed on without the evidence. *Held,* in such case, that exceptions which required a determination of the following matters, could not be reviewed, to wit: (1) Whether a certain fact was uncontroverted; (2) whether there was justification for withholding from the jury the issue of assumption of risk; (3) whether one was guilty of contributory negligence in standing near a wire of high electrical voltage; and (4) whether a verdict was excessive.

**APPEAL AND ERROR:** Presumption Attending Abstract. The recital of an undenied abstract that specified exceptions to in-

structions were made in due time, and duly entered of record, must prevail over the mere assertion of a motion to strike, to the effect that such exceptions were not duly preserved, because found only in a shorthand record, which, concededly, was not preserved as a proper bill of exceptions.

**TRIAL: Departure from Pleadings.** Instruction reviewed, wherein 3 the negligence was stated as being the maintenance of an "un-insulated or defectively insulated" wire, and held to present no substantial departure from the allegation of the petition.

**APPEAL AND ERROR: Necessity to Set Forth Evidence.** He who 4 predicates error on the claim that the instructions authorized recovery on grounds not pleaded, must present such a record that it may be affirmatively seen therefrom that he did not *voluntarily* litigate any such unpleaded grounds.

**TRIAL: Belated Exceptions to Instructions.** Exceptions to instruc- 5 tions, made for the first time in a motion for a new trial, and without explanation for the delay, are not timely. (Sec. 3705-a, Code Supp. 1913.)

**APPEAL AND ERROR: Brief Points Controlled by Trial Exception.** 6 Brief points may not be broader than the exceptions in the trial court.

**TRIAL: Judgment Non Obstante Veredicto.** A verdict for plaintiff, 7 in an action based on defendant's negligence and plaintiff's free-dom from negligence, may not be overthrown by the naked find-ing by the jury that plaintiff, when injured, was standing in a place of danger.

**APPEAL AND ERROR: Non-Definite Brief Point.** A brief point 8 to the effect that the court erred in overruling a 40-pointed mo-tion for a new trial, "because of the various assignments here-tofore made herein," is entirely too general to raise any question.

*Appeal from Woodbury District Court.*—GEORGE JEPSON, Judge.

NOVEMBER 22, 1918.

THE evidence has not been properly preserved. Ap-pellant asks us to reverse a judgment which plaintiff had below, for matters that it asserts may be passed upon with-out reference to the evidence.—*Affirmed.*

*Sargent, Strong & Struble,* for appellant.

*J. W. Hallam* and *G. W. Finch,* for appellee.

SALINGER, J.—I. On the 18th day of November, 1915, we sustained a motion on part of the appellee. The effect of the ruling was, first, to deny an affirmance; next, to strike out of the abstract filed subsequently anything whatsoever that is preserved nowhere save in the shorthand report made on the trial. A motion was thereafter filed by appellee which prays that we enforce the ruling on the first motion according to what appellee conceives the effect of that ruling to be. The appellant resists enforcement according to the theory of appellee; and this last motion and said resistance were submitted to be decided with the the case. The evidence on the trial was not preserved by proper bill of exceptions. But many pages of the abstract set out the evidence. We shall not stop to determine the dispute over whether so setting out the evidence may confuse this court, whether matters are presented which may be decided without a reference to the evidence, and upon whether it is according to rule to set out evidence in an abstract after it has been ruled that the evidence has not been properly preserved. The fact remains that the evidence cannot be considered by us, and that nothing else may, if it requires a reference to evidence to decide it.

1. APPEAL AND ERROR: failure to preserve evidence.

II. It is contended the court was in error in giving Paragraphs 5, 6, 8, 9, and 12 of its charge. It will be unnecessary to determine whether a reference to the evidence is required, in order to say whether these instructions were right or wrong, unless it may first be found that the charge was excepted to in the manner required by statute. To review the giving of an instruction, we must properly have before us the exception thereto taken below. *Powers v. Iowa Glue Co.,* 183 Iowa 1082. The

2. APPEAL AND ERROR: presumption attending abstract.

motion filed by appellee asserts that these exceptions are no part of the record, because they were dictated into the shorthand report, and are nowhere preserved except by such report. If this assertion is controlling, we cannot review the instructions, despite the fact that the district court record before us shows exceptions were taken at the proper time. A general exception to each instruction did, at one time, make a sufficient basis for appellate review. But, under the statute in force during the time of this trial, more was required than to make "an" exception of record. There must be of record what the exception was, and the review here will be limited to what the exception presents. *Powers v. Iowa Glue Co.*, supra. But it does appear competently that the exceptions were made in time, and that they were entered of record. The abstract is presumed to set forth the record; and the abstract recites that certain exceptions, fully set out, were taken to the instructions. No abstract by the appellee denies this. We hold that the assertion in the motion to strike that the exceptions have not been duly preserved, because found in a shorthand record which is not a bill of exceptions, cannot avail against the record entry that exceptions were made in time, were entered of record, and a setting forth in the abstract what these exceptions were.

III. In the fourth instruction, the jury was told that the action is based upon the negligence of defendant; that the mere fact that plaintiff's intestate met his death on or by falling from the pole in question, and

3. TRIAL: departure from pleadings.

upon which one of the defendant's electric wires was attached, will not, of itself, entitle the plaintiff to recover anything herein; but that plaintiff must go beyond that, and show by a preponderance, first, that defendant maintained upon the telephone pole in question an uninsulated or defectively insulated light wire; second, that the maintaining of such

wire was negligence on part of defendant, as the term will be later defined. As to this, appellant says that it sub-mits an issue not tendered by the pleadings, and this, be-cause the ground of negligence relied on in the petition was the fact that appellant maintained an *uninsulated* electric light wire on or near the pole on which deceased was work-ing, and yet this instruction authorized a recovery if ap-pellant maintained a *defectively insulated* wire. We find the petition to charge that one of the poles of the defendant was one from which "the insulation was rubbed and worn off;" that, later, the petition speaks of what has been de-scribed as a defectively insulated wire, as one that was "uninsulated." We think that, upon the whole, on this pe-tition, it was not error to permit a recovery, whether wire was wholly uninsulated or had such defect in insulation as to proximately cause the injury to decedent. Moreover, a charge is not necessarily erroneous because it submits a ground of negligence not laid in the petition. The parties may engage in volunteer litigation. It is presumed that the record warranted an instruction given. Since we may not resort to the evidence, we are unable to say that the instruction was not justified, because, though it was not charged in the petition, the parties, without objection, liti-gated whether the injury to the decedent was caused by a *defectively* insulated wire.

4. APPEAL AND ERROR: neces-sity to set forth evidence.

IV. In the fifth instruction, the court defined negli-gence to mean the doing of some act which a reasonably prudent and cautious person would not do under like cir-cumstances and in relation to the same or similar matter, or the omission to do some act which a reasonably prudent and cau-tious person would not omit to do under like or similar circumstances, and in relation to the same or similar matter. The objection is to the use of the word

5. TRIAL: belated exceptions to instructions.

"cautious," and the argument, that "cautious" suggests the idea of timidity, of being over-prudent, fearful, and timorous. The only exception to this instruction was made in the motion for new trial, and is that the court erred in giving this instruction. We cannot review its giving.

V. The exception to the sixth instruction is that it assumes facts to be determined by the jury, and that there is no evidênce to support the facts referred to in the instruction as being uncontroverted. Since we may not resort to the evidence, it is manifest we cannot review the giving of this instruction. And so of so much of exceptions to Instruction 8 as charge that instruction with assuming there was no eyewitness to what decedent did with reference to looking out for and protecting himself from the wire in question.

VI. The further exception to Instruction 8 is to its statement that certain presumptions stated in the instruction "may be overcome by evidence, facts, or circumstances which show that he was not in the exercise of reasonable care and caution for his own safety." It is said this wording might lead the jury to believe the court thought there were no eyewitnesses, and that so arose a presumption of due care which it was on defendant to overcome; that, in other words, the court said, in effect, "There were no eyewitnesses to this accident; it is presumed, therefore, that deceased was exercising due care for his own safety, and the burden is on the defendant to show that he was not;" and that such would be the understanding, from reading the instruction. We are of opinion that the instruction nowhere tells the jury that anything did overcome the presumption of negligence on part of the defendant, and did not go beyond saying, in effect, that certain things would overcome it if the jury found them to exist.

VII. The ninth instruction is that if, under the evidence and the instructions already given, the point is

reached for ascertaining the amount due, the jury should
take into consideration the age, condition of
6. APPEAL AND
ERROR : brief
points con-
trolled by trial
exception.
health, vocation, earning capacity, and
probable duration of life of the decedent,
and thereupon allow the plaintiff such sum
as will equal the present value of the sum
shown by the evidence that decedent would have earned,
saved, and left to his estate, if permitted to live out his reas-
onable expectancy of life; but, in no  event, more than the evi-
dence makes reasonably certain is the present value of what
deceased would have earned, accumulated, and left to his es-
tate, if permitted to live out his expectancy of life.   The ex-
ception- was that plaintiff has not established the facts and
circumstances necessary to be established in the allowance
of damages, because plaintiff has particularly failed to show
the probable cost and expense that would be incurred by the
decedent in the support of himself and family during his
expectancy, and that there is no proper evidence upon which
the jury can make an estimate as to the present worth of
the estate of the deceased, had he lived out his expectancy.
In the motion for new trial, this is, in substance, repeated,
with the addition that there was no evidence upon which
the jury could ascertain the loss to the estate of decedent.
The brief points present, first, that this instruction no-
where directs the jury as to the rate upon which they shall
base the present value of the amount which they might find
he would have earned, saved, and left to his estate.  As to
this, we have to say that no such point is made in the ex-
ceptions to this instruction, and that, if that be passed, the
complaint is of a failure to make an instruction as full as it
should have been.   That may not be complained of, unless
an offered instruction asked that the instruction proposed
to be given be made more full in that respect.   Refusals to
give offered instructions are complained of in the brief, but
they do not include refusing fuller instructions in Para-

graph 9. For reasons already stated, we cannot consider the complaint that evidence was lacking upon which to ascertain the amount of loss.

VIII. The giving of Instruction 12 is complained of. No exception to it was taken.

IX. It is charged to be error to have refused the tenth instruction asked by appellant. It asked the jury to be directed that, if decedent knew, or, in the exercise of reasonable care, should have known of any defect, if any there was, in the wire in question, or in the insulation thereon, and that, nevertheless, he ascended said pole, and did this work thereon, then, in law, he voluntarily exposed himself to the danger of coming in contact with said wire; and if his injury was caused because he did come in contact therewith, he may not recover. Without resort to the evidence, we cannot say whether, though assumption of risk was pleaded, there was any evidence to justify submitting it. This makes it unnecessary for us to say whether the instruction offered is, in any view, a proper statement of the law. This disposes of another brief point, that the court erred in refusing to instruct the jury on the question of assumption of risk.

There is a claim that the court erred in overruling the motion for judgment notwithstanding the verdict. A special interrogatory asked whether the jury found from the evidence that the deceased was standing on
7. TRIAL: judgment *non ob-* the telephone pole from which he fell, at the
*stante veredic-* time he fell therefrom. The answer was.
*to.*
"Directly under the 2300-volt wire, on the first step or iron pin, said to be about 15 inches under said wire that is attached to the Sioux City Telephone Company pole." Upon this answer, the motion for judgment asserts that, from such answer, it conclusively appears that deceased was guilty of contributory negligence; that the petition alleges the electric light wire in question was un-

insulated; that witnesses for plaintiff testified the lack of insulation upon the wire could be perceived by anyone, even upon a casual inspection; that decedent was an experienced man in his line of work. The final statement is that, by standing where the jury found he did, "when working in close proximity to the uninsulated electric light wire, de-cedent was guilty of contributory negligence;" and that all of the evidence taken in connection with the special find-ing of the jury shows that, at the time decedent received the injury complained of, his negligence contributed to the injury received by him.

All that the answer establishes is that, at the time de-cedent fell, he was standing directly under a 2300-volt wire, on the first step, or iron pin, "said to be about 15 inches under said wire." We cannot agree that this single fact overcomes the general verdict, which, of necessity, holds that decedent was not guilty of contributory negligence. It may be that, if we had before us all the evidence, "taken in connection with the special finding," that it might ap-pear to us that decedent was guilty of negligence, as matter of law. But we do not have the evidence. As the record stands, appellant asks us to say that, because a workman stood on a step which is said to be about 15 inches under an uninsulated or defectively insulated wire, with high voltage, it must be held, as matter of law, that his negligence contributed to his being injured by that wire. That, mani-festly, we may not say.

X. One brief point is that the court erred in over-ruling appellant's motion for new trial, because of the vari-ous assignments "heretofore made herein, which were urged as grounds for a new trial." The motion for new trial has 40 grounds. The assign-ment is too general for appellate review.

8. APPEAL AND ERROR: non-definite brief point.

It is further said that the motion for new trial should have been granted because the verdict is

so excessive as to show that it was returned under the influence of passion and prejudice. Of course, we cannot consider this, since we may not consider the evidence.

We find no reversible error. Wherefore, the judgment of the district court is—*Affirmed.*

PRESTON, C. J., LADD and EVANS, JJ., concur.