LYDIA S. CUMMINGS, Appellant, v. RAILWAY MAIL ASSOCIATION, Appellee.

**INSURANCE:** Accident Insurance—Proximate Cause of Death. Evi-
1    dence held to present a jury question on the issue whether death was caused by accident or by disease; and consequently a directed verdict was erroneous.

**TRIAL:** Directed Verdict—Jury Question Once Made Remains. A jury
2    question once made by plaintiff *ordinarily* survives any amount of testimony by defendant. Evidence on the issue of death by accident or by disease reviewed, and held not to be in equipoise.

*Appeal from Des Moines District Court.*—OSCAR HALE, Judge.

MAY 4, 1920.

REHEARING DENIED DECEMBER 20, 1920.

SUIT on a certificate issued by the defendant and appellee, which is a fraternal benefit association. A verdict was directed against plaintiff, and she appeals.—*Reversed.*

*Hirsch & Riepe,* for appellant.

*Seerley & Clark,* for appellee.

SALINGER, J.—I. The error points and brief points are in compliance with rule, and are not affected by what we held in *State v. Burley,* 181 Iowa 981; *McNamara v. Chicago, R. I. & P. R. Co.,* 183 Iowa 577; *Snyder v. Heuer,* 184 Iowa 538; and *Loving v. Atlantic So. R. Co.,* 184 Iowa 435.

II. Our decision must depend upon whether we agree with the following statement made by appellee:

"The court was justified in sustaining appellee's motion for a verdict because the evidence, without any conflict whatever, not only failed to sustain in the slightest degree that the death was due to the injury, but, on the other hand, affirmatively showed that the cause of such death was tuberculosis, unconnected in any way with the injury."

1. INSURANCE: accident insurance: proximate cause of death.

It is conceded that plaintiff's decedent had a fall, and that death was not delayed beyond the time limit fixed by the beneficiary certificate or policy. If there was enough to carry to the jury whether said fall caused the death, it would be error to direct a verdict for defendant, even though defendant did adduce the testimony of physicians to the effect that death was due to consumption. So we first address ourselves to the testimony for which appellant claims that it shows causative relation between the fall and the death. In other words, we inquire first whether appellant had a case for a jury before the defendant offered any testimony. On review of whether a verdict was rightly directed, the one against whom it was directed is, of course, entitled to have all

2. TRIAL: directed verdict: jury question once made remains.

weight that reason will permit given to his testimony and to all reasonable inference that may be drawn therefrom. On such review, such party is entitled to have his evidence treated as though it was not rebutted.

The jury could in reason believe that, while decedent was not a well man for years preceding his fall, he was, at the time of the fall, in better condition than he had been for a long time prior; that, before his fall, he needed no help to get out of bed, but afterwards, this was no longer true; that before, he walked without assistance, while afterward, he could not walk without it; that, a month before the fall, he played ball, and after the fall, he was, as said, unable to as much as get out of bed or walk, without help; that before, he never complained of his back, while afterwards, he had constant pain there: could find that a chiropractor attended, the day after the fall, and found a misalignment of the lumbar vertebra; and that there was a bruise on the back, close to the spine. And there were still other changes in condition which the jury might reasonably find.

This, in effect, was the state of the evidence when the court overruled motion to direct a verdict for defendant. And we hold it did not err in overruling the motion at that time. Under the said rule as to the treatment of evidence in favor of one against whom a directed verdict is asked, we are of opinion that, when the testimony for the plaintiff closed, the jury might reasonably have found that the death was caused by the fall; and that it might have applied the rule that, where something appears that can have caused a death, and other adequate cause for it is not made to appear, it may be found that the cause appearing to which the death might be due was the cause of it. See *George v. Iowa & S. W. R. Co.*, 183 Iowa 994.

III. Ordinarily, if plaintiff has enough to go to the jury, the case remains for the jury, no matter what evidence the defendant puts in. But, of course, this statement has its limitations, and counter testimony may be so conclusive as to demand a directed verdict against the party having the burden, when all the evidence is in, though such verdict was not warranted at the time when plaintiff closed. Have we here such a case? It is true physicians produced by defendant testified that they

made an autopsy, and found nothing seriously wrong with the spine; that advanced consumption was revealed; and that, in their opinion, consumption caused the death. Even these witnesses concede that decedent had none of the ordinary symptoms of consumption,—at least until the very last,—and there was testimony from which the jury could believe he had none of them. With the weight of the testimony we are not concerned, except where there is an utter absence. That cannot be said to be the situation here. And we think it was for the jury to say, upon consideration of the evidence both for plaintiff and defendant whether consumption, rather than any injury within the policy, caused the death. This is not a case where plaintiff fails as matter of law because the testimony is, as matter of law, in equipoise. See *Eisentrager v. Great N. R. Co.*, 178 Iowa 713, and cases there collated. It is a case for balancing probabilities; for determining which of two theories advanced is the more reasonable,—fairly a jury question. We are constrained to hold that the judgment must be—*Reversed.*

WEAVER, C. J., EVANS and PRESTON, JJ., concur.