F. A. REICHENBACH, Appellee, v. CITY TRUST & SAVINGS BANK, Appellant.

APRIL 3, 1928.

*Dyer, Jordan & Dyer,* for appellant.

*T. J. Mahoney,* for appellee.

WAGNER, J.—Prior to March 31, 1923, the plaintiff was indebted to the defendant bank in the principal sum of $32,000, secured by two mortgages upon 200 acres of real estate. Being unable to pay the interest which had accrued, on the aforesaid date he executed unto said defendant his promissory note for

$1,820, due February 1, 1924, and a third mortgage on said real estate, securing the same. After said $1,820 note became due, the defendant began action against the plaintiff on said note, and asked for the foreclosure of the mortgage securing the same. In said foreclosure suit, a stipulation was entered into between the parties to the effect that said cause should be continued until the January, 1925, term of the district court, and that no judgment should be taken against Reichenbach prior to that time.

On March 22, 1924, another installment of interest became due, and the plaintiff executed unto the defendant bank his promissory note for $2,000, due January 1, 1925, and secured the same by a chattel mortgage upon stock, machinery, straw, and grain. On May 28, 1924, to secure the same $2,000 note, the plaintiff executed unto the defendant bank a chattel mortgage upon the crops to be raised on the aforesaid real estate during said year. About August 1, 1924, the plaintiff purchased at Omaha 104 head of hogs, the defendant bank loaning him the purchase money of $1,220, for which amount the plaintiff executed his promissory note, due November 1, 1924, and secured the same by chattel mortgage upon 130 hogs, being the 104 purchased at Omaha, and the remainder being hogs not included in the first two chattel mortgages hereinbefore mentioned. In November, 1924, the plaintiff obtained the consent of the defendant bank to ship some of the mortgaged hogs and dispose of them on the Chicago market. Eighty-one hogs were included in said shipment, and all except about a half dozen were of the hogs purchased at Omaha. The hogs were shipped in the name of the defendant bank. It is alleged by plaintiff in his petition, and testified to by him, in substance, that, immediately after making said shipment, he advised the defendant bank, through its cashier, of the shipment in its name, presenting the bank with a duplicate of the bill of lading, and directed the bank that, upon receiving the remittance from the sale of said hogs, in so far as the same would extend, it should apply said proceeds to the satisfaction of the aforesaid chattel mortgages. The defendant bank received from the sale of said hogs the sum of $1,587.47.

The third real estate mortgage, hereinbefore referred to, contained the following provision:

"If the taxes assessed on the above described real estate shall remain unpaid after the same are due and payable, then the whole indebtedness shall become due and the party of the second part, or its assigns, may proceed by foreclosure, or in any other lawful mode to make the amount of said note, together with all interest and costs and all taxes and assessments accrued on said real estate."

The defendant bank applied $576.24 of the proceeds of the sale of said hogs upon taxes and special assessments levied upon the 200 acres of land, the same being due in the year 1924.

Plaintiff alleges in his petition, in substance, that the defendant bank violated his instructions as to the application of the proceeds of the sale of said hogs, and applied the portion aforesaid in payment of the taxes and special assessment against the land, and that he made demand upon the defendant bank to credit upon the chattel mortgage notes the amount so paid by it, but the defendant refused to do so.

The defendant answered by general denial, admits the payment of $576.24 upon taxes, alleges the right, under the aforesaid provision of the mortgage, to so apply the same, and pleads waiver.

At the close of the evidence, each party moved for a directed verdict, and both motions were overruled. The jury returned a verdict for the plaintiff, and judgment was entered thereon. From this action by the trial court the defendant has appealed.

In its assignment of errors as to instructions given by the trial court, the appellant makes only the general sweeping statement that Instructions 4, 5, 6, 7, 8, and 10 are erroneous.  We have repeatedly held that assignments of error in such form present no question for our determination, and that we are warranted in disregarding same. *Jacobs v. Vanderwicken* (Iowa), 218 N. W. 147 (not officially reported); *Central Tr. Co. v. City of Des Moines*, 204 Iowa 678; *In re Estate of Mott*, 200 Iowa 948. However, we have examined the instructions concerning which complaint is made, and find no error therein.

It is stated by the appellant, in its assignment of errors, that the verdict is contrary to the court's instructions. For

 the same reasons hereinbefore mentioned, this assignment is fatally defective. It is in no way argued, and the same needs no further consideration.

It is contended by the appellant that the court erred in failing to sustain its motion for a directed verdict. The record discloses that, upon the issues joined, the evidence is in conflict. Therefore, this contention of the appellant's is devoid of merit.

Another contention of the appellant's is that the verdict is contrary to the evidence. As stated, the evidence is in conflict, the plaintiff giving testimony in support of the averments of the petition, and against those of the answer, and the defendant's cashier giving testimony tending to support the allegations of the answer, and in contrariety to the averments of the petition. As. to this proposition, the defendant in its argument states:

"However, here is a case, so far as the record shows, of two witnesses testifying to material facts in the case, both of whom are of equal credibility, the testimony of each witness being opposed; and it is our position that, with the record in such a state, the plaintiff failed to sustain his case by a preponderance of the evidence, as the law requires."

The mere statement of the proposition is enough to show that it has no merit. *Murphy v. De Haan*, 116 Iowa 61.

The defendant's last contention is that the court erred in failing to submit to the consideration of the jury the alleged defense pleaded in its answer, that, because of the provisions contained in the third real-estate mortgage (hereinbefore quoted), it had the right to apply the proceeds of the sale of the hogs upon the payment of the taxes and special assessment.

The proceeds in the defendant bank constituted the selling price of mortgaged hogs, and took the place of the hogs, and should have been applied upon the chattel mortgages. The  plaintiff testifies that, before the proceeds came into the defendant bank, he directed the bank to apply the same upon the chattel mortgages. This is denied by the defendant in the answer, and the cashier supports the denial with his testimony. This issue was submitted to the jury, and the jury found for the plaintiff.

We glean from the record that the bank has proceeded with its foreclosure suit, and is now the owner of the real estate. The bank did not pay the taxes and special assessment out of its own money. The appellee did not owe same to the appellant. Even had the bank paid the taxes and special assessment out of its own money, it had no right to appropriate appellee's money to the payment thereof, contrary to his instructions, and without his consent or authority.

After the bank received the money, the plaintiff and cashier of the bank had a talk about this money, the plaintiff testifying that he demanded that it be credited on the chattel mortgage notes, and the cashier testifying that plaintiff wanted some money, and that he told him that he held said sum of $576.24 in reserve to pay the taxes. The defendant at that time had the money derived from the sale of the mortgaged hogs. The defendant had given its consent to the sale. It was without right to apply any portion of the same upon the taxes and special assessment without the consent and authority of the plaintiff. It was plaintiff's money, and the jury found, under appropriate instructions, that the defendant bank appropriated the said sum for the aforesaid purpose contrary to the instructions of the plaintiff, and without his consent or authority.

We find no error in the record. The judgment of the trial court is affirmed.—*Affirmed.*

All the justices concur.