GEORGE W. DAILEY, Administrator, Appellee, v. STANDARD OIL COMPANY et al., Appellants.

No. 39811.

DECEMBER 13, 1929.

OPINION ON REHEARING APRIL 10, 1931.

REHEARING DENIED OCTOBER 31, 1931.

Pickett, Swisher & Farwell and Helsell, McCall & Dolliver, for appellants.

Maurice J. Breen and D. M. Kelleher, for appellee.

■ Per Curiam.—The case was originally submitted and an opinion filed December 13, 1929, 228 N. W. 314. A rehearing was granted and upon the granting of such rehearing, the appellants filed very elaborate statements of error relied upon for reversal and argued the same. We have repeatedly held, under similar circumstances, that this can not be done. In Hintrager v. Hennessy, 46 Iowa 600, 1. c. 604, we said:

"We are unwilling to sanction the practice that a new case can be made in a petition for a rehearing, or that matters may be insisted on therein which were not presented in the original argument and not considered in the opinion. Should we do so, causes might be presented and determined by piecemeal. * * * The object and office of a petition for a rehearing is to satisfy the court that it is reasonably certain some matter presented by counsel has been overlooked by the court, or that some mistake of fact or law has been made in the opinion."

We reannounced this doctrine in Long v. Investment Co., 135 Iowa 398, and State v. Lozier, 200 Iowa 652.

An application for a new trial must, under Section 11551, Code, 1927, "be made within five days after the verdict * * * unless for good cause the court extends the time * * *; must be by motion upon written grounds, * * *."

Under Sections 11553, 11554, and 11556, motions in arrest of judgment and for judgment notwithstanding the verdict must be filed within the time fixed for filing motions for a new trial.

■ The appellants in their brief and argument set out "Errors Relied upon for Reversal" as follows:

"1. The court erred in overruling defendants' motion for judgment notwithstanding the verdict.

"2. The court erred in the giving to the jury of instructions Nos. 7, 8, 9, and 12, and in refusing to give to the jury the instructions 1, 2, 3, and 4 asked by the defendants.

"3. The court erred in the admission of certain evidence

of the witness Elmer J. Reed over the defendants' objections, and in overruling defendants' motion to strike the testimony of the witness Elmer J. Reed from the record.

"4. The court erred in overruling defendants' motion for new trial and petition to vacate judgment."

It is insisted by the plaintiff that none of these "Errors Relied upon for Reversal" comply with Rule 30 of this court.

The first statement of error relied upon for reversal is wholly indefinite and uncertain. By referring to Section 11553, it will be noticed this motion for judgment notwithstanding the verdict must be bottomed wholly on a question of pleading. This section reads:

"Either party may file a motion for judgment in his favor notwithstanding the fact that a verdict has been returned against him, if the pleadings of the party in whose favor the verdict has been returned omit to aver some material fact or facts necessary to constitute a complete cause of action or defense, the motion clearly pointing out the omission."

In the motion filed in the instant case for judgment notwithstanding the verdict, no reference whatever is made to the pleadings, and no omission is pointed out therein; hence there is nothing to be considered. Further than this, the statement of errors relied upon for reversal is not specific as required by the rules of this court.

The second statement of error relied upon for reversal is that the court erred in giving to the jury instructions 7, 8, 9, and 12 and refusing to give instructions 1, 2, 3 and 4 asked by the defendant. Among the later cases holding that such a statement of errors is insufficient, see Roche v. Star Land Co., 176 Iowa 34, at 39; Hobbs v. Illinois Central Ry. Co., 182 Iowa 316; Powers v. Iowa Glue Co., 183 Iowa 1082; Reichenbach v. City Trust and Savings Bank, 205 Iowa 1009.

The third statement of error relied upon for reversal is equally insufficient. See In re Estate of Bagnola, 178 Iowa 757; King v. C. R. I. & P. Ry. Co., 185 Iowa 1227.

The fourth statement of error is also equally insufficient. Shilling v. Sioux City Gas Co., 184 Iowa 1153; Omaha Beverage Co. v. Temp Brew Co., 185 Iowa 1189; State v. Smith, 192 Iowa 218; In re Estate of Butterbrodt, 201 Iowa 871; Blakely v.

Cabelka, 203 Iowa 5; Central Trust Co. v. City of Des Moines, 204 Iowa 678.

We have repeatedly announced that blanket statements of error relied upon for reversal bring nothing before the court for consideration. See Blomgren v. City of Ottumwa, 209 Iowa 9; Bodholdt v. Townsend, 208 Iowa 1350; Hedrick National Bank v. Hawthorne, 209 Iowa 1013; State v. Perkins, 208 Iowa 1394; Blakely v. Cabelka, 207 Iowa, 959; Ryan Bros. v. Rate, 203 Iowa 1253; Harrington v. Southern Surety Company, 206 Iowa 925; Reynolds & Heitsman v. Henry, 193 Iowa 164; Reynolds v. Chehak, 199 Iowa 561.

In Dodge v. Grain Shippers' Mutual Insurance Co., 176 Iowa 316, we held that on an original submission, the appellant must fully set out his statement of legal points or propositions, and new points or propositions, subsequently raised in reply argument, will be disregarded.

This being our rule, it logically follows that the rulings in State v. Lozier, 200 Iowa 652, and other cases there cited, are sound. In other words, the appellant not having presented anything to this court for its consideration in its original briefs and argument, and the case having been affirmed for that reason, it can not, on the granting of a rehearing, supply the omissions of the original submission. There is nothing to do in this case, therefore, but to affirm the same.

The last expression on this question will be found in Blomgren v. City of Ottumwa, 209 Iowa 9, at 10, where we said:

"The appellant, in its reply brief, attempts to make specific the grounds relied upon for reversal. This statement in its reply brief is of no avail to the appellant. The errors relied upon for reversal set out in appellant's original brief measure its full right of review." Citing authorities.

Under these well and long established pronouncements of this court, we find no proper statement of error herein to which we should give attention.

Our attention has been called to a number of cases in which we have held that statements of error relied upon for reversal were not sufficiently specific to comply with our rules, and have added that notwithstanding this "we have read the record and found no error." A reading of these cases, however, will show

that they were always followed by an affirmance, and we have yet to have our attention called to any case where, after having held the statement of errors relied upon insufficient, we have reversed.

Appellants especially call our attention to Jahr v. Steffen, 187 Iowa 168, but it will be noted in that case the last expression of the writer of the opinion (page 174) is:

"The only question raised in the motion for a new trial was whether the court erred in directing the jury, and this was sufficiently assigned."

There is nothing left to do in this case but to affirm the same.—Affirmed.

All Justices concur except EVANS, J., dissenting, and FAVILLE, C. J., who took no part.

EVANS, J. (dissenting)—I am constrained to dissent from the majority opinion for reasons hereinafter indicated. The effect of the opinion is to dismiss the appeal for want of observance of Rule 30. Our statute, in letter and in spirit, forbids the application of such a rule to the defeat of an appeal.

Prior to the enactment of Chapter 126 of the 30th Gen. Assem., "The Assignment of Errors" was a statutory requirement and had been such for many years. Beginning with the Revision of 1860 it appeared in the successive Codes, and as Section 4136 in the Code of 1897. By the Act of the 30th Gen. Assem., Section 4136 was expressly repealed, and in lieu thereof the following was enacted, and now appears as Section 12869 of the 1927 Code:

"No assignment of errors shall be required in any case at law or in equity docketed in the Supreme Court."

The new legislation resulted undoubtedly from the belief, whether justified or not, that the statutory requirement as construed by us had become unduly burdensome upon litigants and upon their counsel. Notwithstanding the later enactment of the Legislature, the requirement was embodied in our Rule 30 in general terms. Whether the statute was an infringement upon the constitutional powers of this court is a question which has never been raised. We have had no desire to press an issue on

so unimportant a question between the judicial and legislative departments of the state. The inclusion of this requirement in our rules, as a directory provision, and as an indication of the proper method of a helpful argument, could not be objectionable. Nor could it be deemed a challenge to the validity of the legislation. But when we make the breach of this rule a sufficient cause for the dismissal of an appeal, our attitude does thereby become hostile to the statute. If there be any one of our rules, more than another, which has tripped learned lawyers, and which has eluded their mental grasp, it is this one. There is no hard and fast method which can be laid down as a compliance with the rule in all cases. It does contemplate a separate part of the argument which shall carry a caption; and it does contemplate that the very errors to be argued be specifically and succinctly set forth under such caption. This involves the incorporation into the assignment of error of that part of the record upon which the error is predicated. If predicated upon an instruction, then the instruction or the material part thereof must be set forth and the error therein pointed out. The present case serves as a good illustration of the duplication or repetition necessarily involved in full compliance with the rule. I concede that the purported errors set forth under the proper caption are too general to be of any aid to this court. Proceeding, however, into the argument itself, that does set forth specifically and methodically the very errors which are complained of. For instance, division II of the argument deals with errors in the instructions. It is subdivided into paragraphs A, B, C, and D. Paragraph A sets forth instruction No. 7 and points out the specific portion thereof to which complaint is directed. This is followed by argument in support of the complaint. Likewise paragraph B incorporates instruction No. 8 and specifically points out the error therein, to which complaint is directed. This objection is followed by appropriate argument. Likewise paragraph C deals with instruction No. 9 in the same manner. Now if paragraph A, which sets forth instruction No. 7 and points out the errors therein, had been incorporated under the caption "Errors Relied on for Reversal," it would have been a complete compliance with the requirements of Rule 30. The same is to be said of paragraphs B, C, and D. The advantage of such a course would have been to bring before us, at the out-

set, the instruction itself and its alleged infirmities. Is the difference between the two methods so vital as to justify the dismissal of the appeal? In my judgment it is not. I am aware that we have too frequently, though infrequently, treated the breach as fatal to the appeal. Sometimes this has been done in flagrant cases where the breaches of the rule were not mitigated by adequate argument. Under like circumstances we have occasionally affirmed criminal appeals on the same ground notwithstanding that Section 14007 of the Code (1927) expressly provides that no assignment of errors shall be necessary and that Section 14010 requires an examination of the record regardless of informalities. Unless therefore it be deemed desirable and proper to challenge the power of the Legislature to prescribe methods of submitting an appeal, I think that we ought to treat Rule 30 as directory and advisory only. If in a given case the errors relied on be inadequate, it is not a grave burden upon us to look into the argument to ascertain whether the defect in one part has been cured in another. If a case be fairly argued, the argument should be considered for all that it is worth. Some attorneys have better gifts than others in that respect. We shall never attain a uniform standard of argument, nor of errors relied on for reversal. In deference to the statute, I would conform to its spirit.