LOU SIESSEGER, Appellee, v. J. C. PUTH, Appellant.

No. 40335.

JANUARY 13, 1931.

*Breese & Cornwell,* for appellant.

*Smith & Feeney* and *Senneff, Bliss, Witwer & Senneff,* for appellee.

STEVENS, J.—We are, at the outset of this case, confronted by the challenge of appellee with a question as to the sufficiency of the statement of errors relied upon by appellant for reversal.  Originally, and commencing with the Code of 1851, "assignments of error" were prescribed and regulated by the legislature. See Sections 4136 and 4137, Code, 1897. The thirtieth general assembly, by Chapter 126, repealed the foregoing sections, and enacted that:

"No assignment of errors shall be required in any case at law or in equity now pending or hereafter docketed in the Supreme Court." Section 4136, Supplement, 1913.

Following this action by the legislature, this court adopted a rule known in the present revision of the Rules of the Supreme Court as No. 30. It is required thereby that:

"The brief and argument of appellant shall contain a short and clear statement showing * * * the errors relied upon for a reversal."

It will be observed that this rule prescribes and fully points out what the brief of appellant shall contain. The purpose thereof was, and is, to secure a clear, precise, definite, orderly, and comprehensive presentation by appellant of the errors complained of which it is desired to have reviewed. The rule was designed to aid counsel for appellee to know and understand the exact rulings and matters complained of in the court below, and in as clear, definite, and intelligent a manner as possible, bring the rulings complained of to the attention of the court. The primary purpose of the rule is to aid and facilitate the work of the court. What the purpose of the legislature was, in repealing the sections of the Code covering the assignments of error, is not material. We have held that the Supreme Court has constitutional power and authority to require an assignment or designation of errors which the legislature may not take away. *Redfield v. Boston P. & M. Co.*, 178 Iowa 1275; *Wine v. Jones*, 183 Iowa 1166.

The necessity for the assignment, designation, or statement in some form, in law actions, of the errors relied upon for reversal is clearly contemplated by the Constitution, which provides:

"The Supreme Court shall have appellate jurisdiction * * * for the correction of errors at law, under such restrictions as the general assembly may, by law, prescribe; * * *" Article V, Section 4.

Appellate procedure in general has been prescribed and is regulated by statute. The legislature has, however, omitted to provide the form or substance of briefs and arguments to be filed, and has enacted that:

"The parties to an appeal may be heard orally and in

writing, subject to such rules as the court may prescribe; * * *''
Section 12871, Code, 1927.

The court, therefore, is possessed of both constitutional and statutory power to make rules prescribing the form and nature of briefs and arguments to be filed by the parties. It would be difficult to express the nature and form of the brief and argument desired by appellant more clearly than is set forth in Rule 30. What is lacking in the requirement that ''the brief * * * of appellant shall contain a short and clear statement showing * * * the errors relied upon for a reversal?'' This requirement of the rule has been construed and applied by this court in a long list of cases, of which the following are a part: *Redfield v. Boston P. & M. Co.*, supra; *State v. Burley*, 181 Iowa 981; *J. I. Case Thresh. Mach. Co. v. Dravis*, 182 Iowa 474; *Wine v. Jones*, supra; *Snyder v. Heuer*, 184 Iowa 538; *Pascoe v. Chicago, B. & Q. R. Co.*, 187 Iowa 987; *Linnemann v. Kirchner*, 189 Iowa 336; *Miller v. Swartzlender & Holman*, 192 Iowa 153; *In re Estate of Mott*, 200 Iowa 948; *In re Estate of Butterbrodt*, 201 Iowa 871; *State v. Derry*, 202 Iowa 352; *Blakely v. Cabelka*, 203 Iowa 5; *Central Tr. Co. v. City of Des Moines*, 204 Iowa 678; *Reichenbach v. City Tr. & Sav. Bank*, 205 Iowa 1009.

The importance of the rule cannot be misunderstood. Its design, as already stated, is to obtain, at the very outset of the case, in a conspicuous place in the brief and argument, and in a clear, precise, and definite manner, a statement of the *errors* relied upon for reversal. This cannot be done without specific reference to the ruling clearly designating it, together with the place in the abstract where it may be found. Omnibus assignments have always been held insufficient.

The provision of the Constitution that this court in law cases sits for the correction of errors only, has been applied with great strictness. The court has always refused to review rulings on appeal that were not raised in the court below. Errors occurring on the trial should, so far as possible, be corrected in the district court. Opportunity should be there given to the court to hear and determine every adverse ruling of which counsel may desire to complain. The legislature has recognized the importance of requiring that every question which it is desired to have reviewed on appeal be presented clearly and distinctly to the court. Section 11495 provides the time in which exceptions to instructions

may be filed, and that exceptions "shall specify the part of the instructions as excepted to, or of the instructions requested and refused and the grounds of such exceptions." This statute has been strictly applied, and, unless it is complied with, alleged errors in instructions will not be heard on review. So much for the rules and the reason for their adoption and application by this court.

The caption of appellant's brief is: "Errors relied upon for reversal." Thereunder follow numerical designations of what appellant claims constituted erroneous rulings by the court.

The action is by a guest, to recover damages of a party who invited her to ride with him in his automobile. In the examination of jurors on their *voir dire,* counsel for appellee persisted in  propounding questions as to whether they were, or ever had been, engaged in writing casualty insurance, or in otherwise suggesting a possible interest in casualty insurance. Objections were, from time to time, made to the examination as it proceeded. The statement of error at this point is simply that "The jury was informed of liability insurance." We gather from the oral argument of appellant that the basis of his complaint was misconduct upon the part of counsel. No one can determine from the statement of the alleged error when or how the jury was informed of liability insurance. The implication that the statement was intended to refer to the defendant may be indulged, but, manifestly, the assignment cannot be considered.

This is followed by the naked statement that the plaintiff knew of defendant's inexperience in driving; that the court permitted evidence thereof to go to the jury. In order to ascertain the nature of the evidence offered, the objections and exceptions of counsel, the ruling of the court, and all matters essential to determine error, the court must search the entire record, unaided by a single suggestion or designation as to where the same may be found. In order to ascertain whether the court committed error in a particular instruction, it is necessary for the court to, time and again, read and search the entire charge. We have, notwithstanding the insufficiency of the assignments, painstakingly and laboriously searched the record, including the instructions, for the purpose of ascertaining whether there exists some im-

pelling reason why this case should be reversed. We have not, however, in any way considered the alleged error first assigned. Giving the most liberal interpretation possible to a few of the statements of error, although they are far from complying with the rule, we shall briefly dispose thereof.

It is alleged that the court authorized the jury to find a verdict greatly in excess of the statutory limit; that the court submitted an issue not tendered by the pleadings; that a requested  cautionary instruction was refused; and that the court erred in defining terms. The statutory limit of recovery in such case is $15,000. The petition asked damages in the sum of $25,000. The court, in submitting the case to the jury, instructed it that the amount to be recovered should not exceed that asked in the petition. The error was clearly without prejudice, as the verdict returned was slightly in excess of $10,000. Appellee claimed damages of $4,000, in her petition,  for disfigurement by reason of scars on her face. The court submitted this item as follows: ''For disfigurement by reason of scars.'' It appears to be conceded that there were scars upon appellee's body, as well as on the face. The evidence at this point was directed to the scar on the face. We think it clear that the jury could not have been misled by the instruction. The cautionary requested instruction was designed to allay prejudice  or sympathy on the part of the jury in the consideration of the case. The giving or refusal of this instruction was a matter of discretion on the part of the court. *Healey v. Citizens G. & E. Co.,* 199 Iowa 82; *Gregory v. Kirkman Cons. Ind. Sch. Dist.,* 193 Iowa 579.

On the record before us, the judgment is affirmed.—*Affirmed.*

EVANS, DE GRAFF, MORLING, KINDIG, and WAGNER, JJ., concur.