IN RE ESTATE OF NELLIE RHODES.

No. 43328.

JUNE 19, 1936.

Helsell, Burnquist, Bradshaw & Dolliver, for administrator, Wm. J. Carter, appellant.

Thomas & Loth, for heirs of Nellie Rhodes, appellees.

PER CURIAM.—At the very outset we are confronted with a matter of procedure in this court which, unfortunately for the appellant in this case, requires us to affirm the action of the lower court. The appellant's brief and argument was filed February 3, 1936, and contains no assignment of errors of any kind or character. Appellee's brief and argument was filed March 13, 1936. This case was docketed and assigned for oral argument before the second division of the court for May 12th. On the 11th day of May appellant filed an amendment to his brief and argument setting up for the first time an assignment of errors, claiming that the assignment of errors was omitted from his original brief and argument by oversight. Appellee promptly filed a motion to strike said amendment, claiming that the same came too late.

This, being a proceeding in probate, is governed by the rules of this court applicable to law actions which under Rule 30 requires an assignment of errors relied upon for reversal. Unless we are to overrule or disregard positive holdings of this court over a long period of years, the appellee's contention must be sustained. We have repeatedly held that unless the assignment of errors substantially complies with the rules of this court, the appeal presents nothing for our consideration and determination, and we have likewise held that the errors relied upon for reversal, set out in appellant's original brief, measure the full right of appellant for review in this court. Blomgren v. City of Ottumwa, 209 Iowa 9, 227 N. W. 823. And that an attempt to remedy this by way of amendment filed after appellee has prepared and filed his brief and argument is not permissible. Lorimer v. Hutchinson Ice Cream Company, 216 Iowa 384, 249 N. W. 220. See, also, Dailey v. Standard Oil Company, 213 Iowa 244, 235 N. W. 756.

Adhering to the long-established pronouncements of this court upon this question, the case must be and is affirmed.— Affirmed.